Heinemann vs. Pier.

HEINEMANN, Respondent, vs. PIER, Appellant.

*March 23 — April 9, 1901.*

*Statutes: Commencement of action: Summons: Substituted service:
"Member of family": Laches: Default: Judgment: Appealable order.*

1. Statutes dispensing with actual personal service of process must be strictly construed. Thus, under subd. 4, sec. 2636, Stats. 1898, authorizing service of the summons on the defendant, if not found,

by leaving a copy thereof at his usual place of abode in the presence of some one of his family of suitable age and discretion, who shall be informed of the contents thereof, it is imperative that the summons be delivered to a member of the family to which the defendant belongs.

2. A defendant's married daughter, who resided with her husband in the same house or building with defendant but in separate apartments, the two households being managed separately, each paying its own expenses and employing separate servants, is not a "member" of defendant's family within the meaning of the statute. In order to constitute a *family*, the persons composing it must be under one management or head.

3. An order denying a motion to set aside an attempted service of a summons is not appealable.

4. A defendant who has not been personally served with the summons, before the expiration of twenty days after an attempted service, made at the apartment house in which she resided, upon a person not a member of her family, appeared specially in the action and moved to set aside such attempted service. After the entry of judgment by default, she made a second motion to obtain the desired relief, which was denied, and she appealed. *Held*, that she was not guilty of laches.

5. The defect in the service of the summons in such case being jurisdictional, on a motion to set aside the judgment, the defendant is not required to show merits.

APPEAL from a judgment and an order of the circuit court for Iron county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action of ejectment. The summons and complaint were attempted to be served by a private person upon the 7th of September, 1898, by delivering the same to the defendant's daughter, Mrs. John H. Roemer. The following affidavit of service was made, and constitutes the only proof of such service:

"Charles Friend, being first duly sworn, on oath deposes and says: That he is an attorney at law, duly admitted to practice in the state of Wisconsin, residing in the city of Milwaukee, in said state; that on the 7th day of September, 1898, at about 9:30 o'clock in the forenoon, he served the annexed and foregoing summons and complaint upon the defendant, *Kate Pier*, to him well known to be the

identical person named as defendant in the said action, at her home, No. 577 Van Buren street, in the city of Milwaukee, which is her usual place of abode, by delivering to and leaving with her daughter, Mrs. John H. Roemer, a member of the family of said defendant, who resides with her, being a person of suitable age and discretion, a true and correct copy thereof, and of the whole thereof, and at the same time and place the affiant informed said Mrs. John H. Roemer of the contents thereof; that the reason said affiant did not serve said defendant, *Kate Pier*, personally is that she could not be found.          CHARLES FRIEND."

On the 20th of September, 1898, the defendant appeared specially for the purpose of moving to dismiss only, and made a motion to dismiss the action for want of service of the summons on the defendant, which motion was based upon affidavits of the defendant and of Caroline H. Roemer, showing that no personal service was ever made upon the defendant, and that Caroline H. Roemer, who is a daughter of the defendant, with whom the summons and complaint were left, was a married woman at the time, and the wife of John H. Roemer, and was a member of the family of John H. Roemer, and not a member of the defendant's family. The motion was denied, and exception taken. The defendant made no further appearance in the action, and judgment by default was entered for the plaintiff June 22, 1899. June 13, 1900, the defendant again appeared specially and moved to set aside the judgment and dismiss the complaint, because no service of the summons had ever been made; said motion being based upon additional affidavits showing more fully that Caroline H. Roemer was not a member of the family of the defendant at the time of the alleged service. This motion was denied, and the defendant appeals from the judgment and from the order denying the last-named motion.

The cause was submitted for the appellant on the briefs of *Timlin, Glicksman & Conway*, and for the respondent

on that of *K. K. Kennan*, attorney, and *Gus. E. Heinemann*, of counsel.

Winslow, J.   It seems very plain that there was no legal service of the summons in this case, and that the pretended service should have been set aside.   The statute prescribes that the summons shall be served upon the defendant personally, or, if not found, "by leaving a copy thereof at his usual place of abode in the presence of some one of the family of suitable age and discretion, who shall be informed of the contents thereof."   Stats. 1898, sec. 2636, subd. 4.   Statutes dispensing with actual personal service of process must be strictly pursued.   *Pollard v. Wegener*, 13 Wis. 569.

It is imperative that the summons be delivered to a member of the family to which defendant belongs.   In this case it was delivered to defendant's married daughter, who resided, with her husband, in the same house or building with defendant, but in separate apartments; the two households being managed separately, each paying their own expenses and employing their own separate servants.   Families may be separate, though living under the same roof.   If it were not so, then service could be made upon any one living in an apartment house by leaving the summons with some other person living in different apartments in the same building, but who, perhaps, is not even acquainted with the defendant.   Such an interpretation of the statute would open a wide door to fraud, especially in this day, when apartment buildings housing many different families are so extensively used.   In order to constitute a family, the persons composing it must be under one management or head. *Poor v. Hudson Ins. Co.* 2 Fed. Rep. 432.

It cannot be said that the defendant was guilty of any laches in seeking relief.   She moved promptly to set aside the service of the summons, but her motion was denied.   No appeal could be taken from the order denying her motion.

*Latimer v. Central E. Co.* 101 Wis. 310. It can be reviewed only on appeal from the judgment. *Drake v. Scheunemann,* 103 Wis. 458. She therefore waited until judgment was entered, and thereafter made a second motion in the trial court to obtain the desired relief, and upon denial of the motion appealed. It is difficult to see how she could have done more. The defect being jurisdictional, she was not required to show merits.

*By the Court.*— Judgment and orders reversed, and action remanded with directions to set aside the service of the summons and dismiss the complaint.