## SMYRNIOS v. WEINTRAUB (two cases).
## McCARTHY v. SAME (two cases).
### Nos. 5517–5520.

District Court, D. Massachusetts.
May 8, 1933.

Joseph Schneider and Schneider, Ganak & Reilly, all of Boston, Mass., for plaintiffs.

Louis C. Doyle and Badger, Pratt, Doyle & Badger, specially, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

The defendant in the above-entitled actions has appeared specially for the purpose of filing motions to dismiss, all based upon the alleged insufficiency of service. These facts appear:

The actions are brought to recover for personal injuries growing out of an automobile accident. The defendant is a nonresident who, according to the allegations, was operating a motor vehicle over the highways of this commonwealth at the time the accident occurred.

According to the returns on the writs, service was duly made upon the registrar of motor vehicles and the fee paid, all in accordance with the provisions of chapter 344 of the Statutes of 1928.

The plaintiffs forthwith sent by registered mail copies of the process addressed to the defendant at 2 Hudson street, Hartford, Conn., and demanded return receipts. The registered letters were returned with the notation that the addressee could not be found. The plaintiffs have therefore been unable to file with the papers in the cases the return receipts. In all other respects there has been a literal compliance with the provisions of the statute.

The question presented is whether this court should now dismiss the cases inasmuch as it appears that the defendant has not received and receipted for the registered letters, which he is required to do under the statute.

It has been held that a statute providing for service upon nonresidents in automobile accident cases which did not provide for a notice to the defendant, was in violation of his rights secured to him by the Constitution of the United States. Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 260, 72 L. Ed. 446, 57 A. L. R. 1230. In that case Chief Justice Taft points out that the "enforced acceptance of the service of process on a state officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice. Otherwise, where the service of summons is limited to a service on the secretary of state or some officer of the state, without more, it will be entirely possible for a person injured to sue any nonresident he chooses, and through service upon the state official obtain a default judgment against a nonresident who has never been in the state, who had nothing to do with the accident, or whose automobile having been in the state has never injured anybody. A provision of law for service that leaves open such a clear opportunity for the commission of fraud (Heinemann v. Pier, 110 Wis. 185, 85 N. W. 646) or injustice is not a reasonable provision, and in the case supposed would certainly be depriving a defendant of his property without due process of law. The Massachusetts statute, consid-

440

ered in Hess v. Pawloski [274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091], really made necessary actual personal service to be evidenced by the written admission of the defendant."

It would appear from a consideration of the opinion in Duggan v. Ogden, 278 Mass. 432, 180 N. E. 301, 302, that at least one of the alternative methods of imparting to the defendants information respecting the suit must be followed in order to render the service valid. While it is intimated in that case that the creation of the agency is the important thing and the means of giving notice was a subsidiary matter, the court takes occasion to point out that every safeguard to preserve the rights of the defendant to such notice contained in the Statutes of 1923, c. 431, was continued in the Statutes of 1928, c. 344, and that "Every safeguard to protect the defendant against deprivation of property without due process of law is found in the latter statute."

It seems, therefore, to be clear on the authority of both the Massachusetts and the federal cases that the giving of the notice is an indispensable step in completing service upon nonresident defendants in personal injury cases growing out of automobile accidents.

I am ready to concede that this result may in some instances work a hardship upon the plaintiff, but this is the burden which he must assume. Wuchter v. Pizzuti, supra at page 20 of 276 U. S., 48 S. Ct. 259.

If the defendant should be located and should contumaciously refuse to sign a receipt, a question would be presented upon which I give no opinion at this time.

Unless and until it can be made to appear that the plaintiffs have notified the defendant by one of the methods provided for by the Massachusetts statute, it cannot be said that the defendant has been duly served with the process.

The statute provides that the return receipt and the plaintiffs' affidavits of compliance or the evidence of personal service upon the defendant must be filed on or before the return day of the process "or within such further time as the court may allow." St. 1928, c. 344, § 3C. In order to save expense and trouble, it would seem that the court might with propriety entertain a motion to extend the time within which adequate notice could be given to the defendant.

I find that this is the practice which prevails in the state courts.

I am therefore withholding action upon the motions to dismiss and giving the plaintiffs ten days within which to file motions to extend the time for completing service under the statute.