WEISS v. MAGNUSSEN.

HAYNES v. SAME.

Nos. 1190, 1215.

District Court, E. D. Virginia, Richmond Division.

Feb. 14, 1936.

Parrish, Butcher & Parrish, of Richmond, Va., for plaintiffs.

Allen & Perkinson, of Richmond, Va., for defendant.

WAY, District Judge (after stating the facts as above).

After further consideration of the motions in these cases, I am of the opinion that they should be overruled.

■■ 1. As stated during the oral argument, it seems to me that under a reasonable construction the Virginia statute goes even farther than do some of the statutes which have been held not to violate the Fourteenth Amendment to the Constitution. The Virginia statute provides for the process or notice to be "forthwith sent by registered mail, with registered delivery receipt requested, by the director to the defendant or defendants." Code Supp.Va. 1934, § 2154(70), cl. (i). In other words, the statute makes the sending by the director "to the defendant or defendants" obligatory and the plaintiff does not meet the requirement by showing that anything less than that was done, as, for instance, by showing that the director sent a copy of the summons or notice addressed to the defendant at his last known post office address or to him at the address given when the defendant made application for an automobile license or for a permit to drive or to some address supposed to have been given by him to the foreign state authorities. It must be remembered, too, that the director has no power to compel any automobile owner in another state to sign a return receipt but can only request a return receipt which the statute makes it the duty of the director to do. Therefore, it would seem under the provisions of the Virginia statute, that failure on the part of the plaintiff to furnish the director the correct information to enable him to send the summons or notice "to the defendant or defendants" would prevent the plaintiff from obtaining any valid judgment against the defendants so that the provision in the statute requiring the summons or notice to be sent "to the defendant" rather than sent addressed to the defendant at some particular place is an even more rigid requirement than is ordinarily to be found in such statutes. The requirement for valid service in such cases is stated in the decision of the Supreme Court in Wuchter v. Pizzutti, 276 U.S. 13, at pages 18, 19, 48 S.Ct. 259, 260, 72 L.Ed. 446, 57 A.L.R. 1230, in which it is said:

"The question made in the present case is whether a statute, making the Secretary of State the person to receive the process, must, in order to be valid, contain a provision making it reasonably probable that notice of the service on the Secretary will be communicated to the nonresident defendant who is sued. Chapter 232 of the Laws of 1924 makes no such requirement and we have not been shown any provision in any applicable law of the state of New Jersey requiring such communication. We think that a law with the effect of this one *should make a reasonable provision for such probable communication.*" (Italics supplied.)

■■ If I construe the Virginia statute correctly, it has done something more than make "a reasonable provision for such *probable communication.*" It has definitely required the communication, a copy of the summons or notice, to be "forthwith sent * * * to the defendant or defendants." It would appear to follow, therefore, that failure to comply with that certain and definite provision of the statute cannot result in any valid judgment against the defendant, while compliance with the provision assures that defendant will have ample notice of the suit and an opportunity to have his day in court.

■■ 2. With respect to the contention that the statute is invalid because in violation of section 52 of the Constitution of Virginia, as also indicated during the oral argument, my view is that a federal court should be very hesitant to hold unconstitutional a state statute under circumstances such as are here presented; that is to say, on the ground that the challenged statute is violative of the State Constitution. It is the clear duty of a federal court sitting in a case such as this, where its jurisdiction depends solely upon diversity of citizenship, to follow the decisions of the courts of such state construing the State Constitution and statutes. Every reasonable presumption is to be indulged in favor of the validity of the act questioned, and it is rather remarkable, although the challenged act has been a part of the statute law of Virginia for several years, that the defendant has not cited a single decision of any court of Virginia holding this statute invalid. Without going into any lengthy discussion of the point, the language of Chief Justice Campbell in Good v. Commonwealth, 155 Va. 996, at page 1001, 154 S.E. 477, 478, seems to be applicable in the decision of the question here presented:

"In 25 R.C.L. p. 867 the general doctrine is stated thus:

" 'It has generally been held that codes and compiled or revised statutes intended to express either the whole of the general laws of a State, or of some great sub-division of such laws, may be adopted by one act under a general title without violating a constitutional provision prohibiting the enactment of any bill containing more than one subject and requiring that subject to be expressed in the title. The large number of related or cognate matters often treated of under some comprehensible title, such as "Criminal Code," "Penal Code," "Code of Civil Procedure," "Private Corporations," "Railroad Corporations," and the like, are familiar illustrations of what may be legitimately included in one act. *Any construction of these constitutional provisions that would interfere with the very commendable policy of incorporating the entire body of statutory law on one general subject in a single act, instead of dividing it into a number of separate acts, would not only be contrary to its spirit but also seriously embarrassing to honest legislation.* All that is required is that the act should not include legislation so incongruous that it could not, by any fair intendment, be considered germane to one general subject. Even though an act as originally adopted is open to the objection that it refers to more than one subject or contains matter different from what is expressed in the title, the objection may be obviated by the subsequent adoption of the law as part of a Code.'

"There is no merit in the assignment of error." (Italics supplied.)

 In brief, I think that the Legislature in this instance has done nothing more than treat numerous more or less closely related matters or subjects under one general head or title, namely, in an act designated and entitled "The Motor Vehicle Code of Virginia." Code Supp.Va.1932, § 2154(49) et seq. One of the related subjects or matters dealt with under that general title is the operation by non-residents of motor vehicles on the highways of Virginia. A consequence of such operations by non-residents is that from time to time their motor vehicles inflict injuries upon persons or property or both giving rise to causes of action against such non-residents for damages. Ordinarily such non-resident is merely passing through or is in the state for only a brief period so that to require the injured party to sue immediately or to require the non-resident to remain in the state indefinitely would work a hardship. The challenged provision merely provides how notice of suit to recover for an injury alleged to have been inflicted under such circumstances may be served upon such non-resident after he has left the state. The Legislature in dealing with the general subject of the operation of motor vehicles on the state highways has seen fit to deal with that related subject under the general title, rather than to deal with it under some other title such as "Service of Process or Notice upon Non-residents" or a similar title or under some other general title. The court is not prepared to say that the Legislature in so treating that subject or matter has exceeded its power and authority or to substitute the court's judgment for that of the Legislature in determining the proper title under which that subject should have been treated. On the contrary, I think it is reasonably clear that the Legislature in treating the subject under the general title as it did has not violated the spirit or real object of section 52 of the State Constitution. In other words, the minor subject is not clearly diverse or dissimilar in its nature from the general title of the act but there is strong reason to consider it as germane to and as having a natural connection with the general object stated in the title to the act.