**POWELL v. KNIGHT et al.**
**Civ. A. No. 599.**

District Court, E. D. Virginia,
Richmond Division.

Aug. 15, 1947.

192

Bowles, Anderson & Boyd, of Richmond, Va., for plaintiff.

Tucker, Mays, Cabell & Moore, of Richmond, Va., for defendants.

HUTCHESON, District Judge.

Complaint was filed in this case on July 8, 1946, by Linwood E. Powell, a resident of Virginia, against Norma Sue Knight and James A. Kerins, Jr., non-residents of Virginia, to recover for damages alleged to have been suffered by the plaintiff as a result of the negligent operation of an automobile owned by defendant Kerins, which at the time of the accident on November 1, 1945, was being driven by the defendant Knight.

A motion to dismiss was filed August 15, 1946, by the attorney for the defendants on the ground that the plaintiff has failed to effect process on the defendant Knight, in accordance with the provisions of Section 2154(70)(i) of the Code of Virginia, inasmuch as actual receipt of the copy of the summons and complaint duly forwarded by the Director of the Division of Motor Vehicles of this State was not had by the defendant Knight.

The motion also asks for a dismissal of the complaint as to the defendant Kerins on the ground that defendant Knight was not acting as Kerins' agent or employee within the contemplation of Section 2154 (70)(i) of the Statute at the time of the accident complained of and therefore was not an action against him in which the Director is deemed appointed by the non-resident to accept service.

On February 27, 1947, defendants filed a motion to abate the action for the lack of service of process as raised by the last mentioned motion. Attorney for plaintiff duly filed a motion to strike defendant's motion to abate.

It is necessary to set forth briefly certain facts contained in affidavits filed by both the plaintiff and defendants in support of their respective motions.

Affidavits filed herein recite that on October 31, 1945, while stationed at the naval station at Camp Peary, located near Williamsburg, Virginia, the defendant Kerins came into a place of business located on the outskirts of Williamsburg, where the defendant Norma Sue Knight was employed as a waitress. At about 11:00 P.M. the two defendants left together. Thereafter defendant Knight drove Kerins back to Camp Peary in the automobile owned by Kerins, (Kerins having been drinking), at which time Kerins gave Knight permission to use his car the next day to drive around "Williamsburg and vicinity". Kerins states he restricted the permissive use to the limits of Williamsburg. He also

requested her to leave a tire at a certain place to be repaired. On the morning of November 1, 1945, defendant Knight left the tire at the filling station and then proceeded to Richmond, where at about 2:00 P.M. on November 1, 1945, the accident complained of occurred. Mrs. Knight did not have a driver's permit.

After the accident and on the same day she returned to Williamsburg and defendant Kerins was informed of the accident at about 8:30 P.M. that night.

The naval records at Camp Peary give the address of the defendant Knight's husband as 248 Claremont Avenue, San Antonio, Texas.

When registering at a tourist inn in Williamsburg, where she resided for a period of ten days, Mrs. Knight gave as her home address, 248 Claremont Avenue, San Antonio, Texas, which was the home address of her husband. That address is the home of the mother of defendant's husband.

Attorney for the plaintiff gave the above to the Director as the forwarding address for copy of summons and complaint in this case. These papers were received by registered letter on July 12, 1946, at the said address by Mrs. Ola Knight, mother-in-law of the defendant Norma Sue Knight, who signed the return receipt for her daughter-in-law. In her affidavit she gives as her reason for doing so the thought that possibly her daughter-in-law would return to 248 Claremont Avenue. The affidavit dated September 30, 1946, states further that Norma Sue Knight does not and has not resided at the said address and that she was last there in March 1946.

From investigations made by the attorneys for both the plaintiff and defendants, it appears that the defendant Knight has separated from her husband and her present whereabouts is unknown to him as well as to her parents. Since the separation she appears to be a transient, having no permanent address. From the affidavit of an insurance investigative agent for the plaintiff it appears that defendant Knight's mother sent her some money addressed in care of General Delivery, Corpus Christi, Texas, sometime during September 1946. Acting on this information plaintiff caused

alias summons to be forwarded to this address on November 21, 1946. This summons was not delivered to her.

The first question presented by the defendant's motion to dismiss is whether under the facts of this case the requirements of Section 2154(70)(i) have been complied with to the extent of effecting service on the non-resident defendant Norma Sue Knight.

The provisions of Section 2154(70)(i) read as follows:

"(i) The acceptance by a non-resident of the rights and privileges conferred by this section as evidenced by his operation, either in person or by an agent, or employee, a motor vehicle, trailer or semi-trailer hereunder, or the operation by a non-resident, either in person or by an agent, or employee of a motor vehicle, trailer or semi-trailer on a highway in this State otherwise than under this section, shall be deemed equivalent to an appointment by such non-resident of the director or his successors in office, to be his true and lawful attorney upon whom may be served all lawful process against and notice to such non-resident *in any action or proceeding against him growing out of any accident or collision in which such non-resident or his agent or employee may be involved while operating a motor vehicle, trailer or semi-trailer on such highway,* and said acceptance or operation shall be signification of his agreement that any such process against or notice to him which is so served shall be of the same legal force and validity as if served upon him personally. Service of such process or notice shall be made by leaving a copy of the process or notice, together with a fee of three dollars, plus one dollar additional for each defendant over one to be thus served, in the hands of the director, or in his office in the city of Richmond, Virginia, and such service shall be sufficient upon the said non-resident, *provided that notice of such service and a copy of the process or notice are forthwith sent by registered mail, with registered delivery receipt requested, by the director to the defendant, or defendants,* and an affidavit [of] compliance herewith by the director, or some one designated by him for that purpose and

having knowledge of such compliance, shall be filed with the declaration or notice of motion.

"The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action.

"No judgment shall be entered against a non-resident under this or the preceding subsection until after the process or notice has been served as aforesaid on the director at least ten days. (1932, p. 626; 1934, p. 387; 1938, p. 28.)" (Italics added.)

The constitutionality of the statute was upheld in the case of Weiss v. Magnussen, D.C.E.D.Va., 13 F.Supp. 948. In that case the Court was not deciding whether a particular set of facts constituted compliance with the statute, but in passing on the question of constitutionality, made the following observation by way of dicta as to what would not constitute compliance, at page 950 of 13 F.Supp: "In other words, the statute makes the sending by the director 'to the defendant or defendants' obligatory and the plaintiff does not meet the requirement by showing that anything less than that was done, as, for instance, by showing that the director sent a copy of the summons or notice addressed to the defendant at his last known post office address or to him at the address given when the defendant made application for an automobile license or for a permit to drive or to some address supposed to have been given by him to the foreign state authorities."

The constitutionality of the statute was passed on by the Supreme Court of Appeals of Virginia in Carroll v. Hutchinson, 172 Va. 43, 200 S.E. 644.

Here, too, the question before the Court was constitutionality and not compliance. Judge Holt, who delivered the opinion for the Virginia Court, held that the Virginia statute made reasonable provision for *probable* communication to the non-resident defendant.

Certain observations of the Court with respect to the necessity for return receipt of a registered letter to the defendant, tend to throw light on its view as to whether or not the statute contemplates actual receipt as a necessary prerequisite for compliance.

After noting that the original statute contained no provision for a return receipt and that it was by later amendment the Director was to request a return receipt, the Court states on page 647 of 200 S.E.: "In the instant case our statute, which does not require that the return receipt be filed as an exhibit, has been literally followed. The request for a return receipt was never essential."

The Court found, as in the Weiss case, supra, that the Virginia statute met the test laid down by the Supreme Court of the United States in Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446. In that case the Supreme Court held that a New Jersey statute, P.L.1924, p. 517, providing substitute service on a non-resident was unconstitutional for failure to provide for probable notice to the non-resident defendant. The Court states in 276 U.S. on page 19, 48 S.Ct. on page 260, 72 L.Ed. 446: "We think that a law with the effect of this one should make a reasonable provision for such probable communication."

And in 276 U.S. on page 20, 48 S.Ct. on page 261, 72 L.Ed. 446: "Every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the post office address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant."

The only purpose of the return receipt is to verify delivery to the addressee and it would seem to follow that if a return receipt is not mandatory under the Virginia statute actual receipt by the addressee of a copy of summons and complaint sent by the Director to the residence of the non-resident defendant is not mandatory, in order to comply with the statute and effect valid process. See 22 Virginia Law Review 477.

In Minnesota the constructive service statute, Laws 1927, c. 409, having the same purpose as the Virginia statute in the in-

stant case provides that notice of service and copy of process shall be mailed by the Secretary of State to the non-resident defendant at his last known address. In holding this statute constitutional in Jones v. Paxton, 27 F.2d 364, on page 365, the Federal District Court stated as follows: "The Minnesota law—while it might well have provided for the giving of the post office address or residence of the defendant in the summons, the forwarding of the notice by registered mail, and the filing of the return receipt, in addition to the affidavit of compliance—does afford a reasonable probability that the defendant will receive actual notice. The words 'last known address' are somewhat indefinite, but would seem to refer to the defendant's last known residence or place of abode, which ordinarily would be ascertained, either from the defendant or through a checking of the registration of the automobile owned or driven by him, or from some other reliable source."

The Massachusetts statute differs from the Virginia and Minnesota statutes in that it specifically requires that the return receipt or the evidence of personal service on the defendant be filed in the record. Here it is clear that the statute contemplates actual receipt by the defendant. Symrnios v. Weintraub and McCarthy v. Weintraub, D.C., 3 F.Supp. 439.

The Massachusetts statute held constitutional by the Supreme Court in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, goes farther than the test of "reasonable provision for probable communication" laid down in Wuchter v. Pizzutti, supra [276 U.S. 13, 48 S.Ct. 260]

The Virginia statute only requires that notice be sent the defendant by registered mail with return receipt requested.

In this respect it is of interest to note the statement of the Supreme Court of Connecticut in the case of Hartley v. Vitiello, 1931, 113 Conn. 74, 154 A. 255, 257:

"Our statute requires service of the process by the officer to whom it is addressed upon the commissioner of motor vehicles 'by leaving with or at the office of said Commissioner, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail * * * addressed to such defendant at his last-known address.' Section 5473 [of Conn.Gen.Statutes.]

\* \* \* \* \* \*

"While no registry return receipt is required, as in the Masachusetts statute, this is not a sufficient reason to hold the statute ineffective; it is reasonable probability of notice, not actual notice, which is the test. Wuchter v. Pizzutti, supra; Jones v. Paxton, supra. * * * The requirement that the copy be mailed to the defendant at his 'last-known address' does not mean the last address known to the plaintiff, but does mean the last address of the defendant so far as is known, that is, by those who under the ordinary circumstances of life would know it. Unless the defendant has departed for parts unknown, it means his actual address; if he has disappeared, it means his last address so far as it is reasonably possible to ascertain it. This address the plaintiff must learn at his peril, and only if the copy is mailed to it is there a compliance with the statute".

It must be remembered that the Virginia statute does not direct the mailing of process by the Director to the last known address but merely contains the language "to the defendant, or defendants". In Weiss v. Magnussen, supra [13 F.Supp. 950] the Court indicated that it was the intent of the Virginia statute to require the defendant to ascertain a more specific address than would be necessary under a statute containing the "last known address" provision.

It must be noted that the able Judge who wrote the opinion in Weiss v. Magnussen, supra, was dealing solely with the question of the constitutionality of the Virginia statute and not with the validity of any service had thereunder.

The test of constitutionality as laid down by the Supreme Court, is whether the statute makes a reasonable provision for probable communication to the defendant of notice of the institution of suit. If the statute makes "reasonable provision for probable communication", [276 U.S. 13, 48

S.Ct. 260] it is constitutional; and if there is compliance with the statute in the service of process the service is valid. The determination of the questions thus raised requires a somewhat further examination of the Virginia statute in the light thrown on it by the cases cited.

The statute requires that notice of the service and copy be "sent by registered mail, with registered delivery receipt requested, by the director to the defendant, or defendants * * *." There is no requirement respecting the place to which the notice shall be sent as is contained in some statutes of a similar nature nor is there a requirement that the delivery receipt be filed as a part of the record. The Virginia Court has said the request for such receipt was never essential. Obviously the director can not compel the addressee to execute such receipt and the request may be a vain gesture.

 A reasonable interpretation of the legislative intent would appear to be that such notice be sent to a place or address at which it is probable the notice will be received by the addressee, and it may be presumed that the director will exercise reasonable discretion in this regard and forward the notice to an address furnished for the purpose. If the facts upon an inquiry such as this indicate that the address so furnished is one at which it is probable delivery will be made, the service should be held good. Nor do I consider material the omission of a requirement that the address be the last known address, the home address or some such designation. The addressee may be known to be absent from his home for an extended period and the notice more effectively given at a temporary address.

In the light of the foregoing pertinent facts are to be considered.

 The defendant Knight was the wife of an enlisted man whose home address is 248 Claremont Avenue, San Antonio, Texas. His mother resides at that address and the defendant gave it as her address. (Notwithstanding the fact her husband was in the service she was at that address in March 1946.) She is not with her parents and their address has nowhere appeared as hers. It is true that from March 1946 until September 30, 1946 (the date of the affidavit) she had not been at the Texas address. During that time she had been in Virginia and involved in the accident. But during September 1946 she was back in Texas at Corpus Christi. The statute does not require delivery or receipt of the notice. It requires that it be sent by registered mail to the defendant. The statute is not violative of the Constitution if it makes reasonable provision for probable communication of notice to the defendant. The Court recognizes the intention of the Legislature to be that the place to which the notice is sent must be one at which receipt will probably be had by the addressee. I am not unmindful of the importance of proper service upon a defendant before due process can be had and of the serious consequences which may follow the rendition of a judgment without such process. At the same time, a contrary holding would place a premium upon irresponsibility and afford an opportunity to defeat the purpose of the act by one involved in such an accident voluntarily absenting himself from his regular place of abode.

 It is also perhaps worth mentioning that under many well recognized statutes actual notice of service is not required. For example, effective service may be obtained by posting notice upon the front door of the closed residence of one on an extended trip upon which he may be absent for months or years or notice so posted may be removed by vandals within a few minutes after posting and a defendant absent for even a brief period thereby deprived of actual notice although the service was good.

In dealing with the question of compliance with the constitutional requirement that the notice make provision for probable communication to the non-resident defendant, it might be well to consider the purpose of such requirement. No doubt it will be readily conceded that such purpose is to give the defendant notice of the pending suit so that he might be able to appear and represent his interest. In considering this question I have considered the cases of Eley v. Gamble, infra, and Reynolds v. Dorrance, infra.

In the case of Eley v. Gamble et al., 4 Cir., 75 F.2d 171, 173, Judge Parker in dealing with the question of whether a plaintiff could proceed in a Federal court under the Virginia notice of motion statute (Va.Code, § 6046), used this language: "There is no reason why the state may not provide for action by the court upon notice of this character; for it is well settled that due process does not require any particular form or method of procedure. It is sufficient if reasonable notice and reasonable opportunity to be heard and to present any claim or defense are afforded; due regard being had to the nature of the proceeding and the character of rights which may be affected by it."

In this same case in 75 F.2d at page 174, in discussing a motion to dismiss the suit on the ground that service was made by the marshal, not by service on the defendant but by delivering a copy of the notice to a servant at the defendant's residence, Judge Parker after observing that more than 15 days before the return day of the notice counsel for the defendant requested the marshal to change his return, which originally showed service on the defendant's wife, to show the service was actually made on a servant, said: "The requirement of the statute is that notice of motion for judgment be served not less than 15 days before the date therein named upon which the motion will be made; and the fact that the attorney for defendant, more than 15 days before the return day, was requesting that the deputy marshal change his return, was sufficient proof that the notice had reached its destination within the time prescribed by law."

In the case of Reynolds v. Dorrance, 4 Cir., 94 F.2d 184, 186, the plaintiff proceeded with service on the defendant non-resident under Section 2154(70)(i) of the Virginia Code and here he admittedly had the first notice mailed by the director to a wrong address of the non-resident, but subsequently, and before the return date, had notice sent to the defendant at an address where such notice reached the defendant. In dealing with a motion to quash on the ground that the notice was not sent by the director forthwith to the defendant, Judge Norhcott said: "The notices were served in a manner substantially complying with section 2154(70), subsec. (i), and the fact that they were received in ample time for the defendant to appear on the return day * * * shows that the defendant suffered no impairment of his legal right to appear * * *."

In the case at bar the complaint was filed on July 8, 1946, service was had on the Director of Motor Vehicles on this date and the affidavit of the Director shows that he mailed the notice on this date to the defendant Knight at 248 Claremont Avenue, San Antonio, Texas, this being the address given by the defendant as her address at or about the time of the accident. The record discloses that within 20 days after this notice was mailed to the defendant at said address she appeared specially, by counsel, and moved the Court for an order for an extension of time within which to file motion, answers, or responsive pleadings. This motion was granted and the time for filing such pleadings extended.

I am not unmindful of the fact that in such cases the appearance may be (and often is) by counsel for an insurance company with a policy covering the automobile involved and the nominal party has little personal concern respecting the result of the litigation. The record does not reflect the facts in that respect in the case at bar, and the Court should not go beyond the record in considering the rights of the parties. Such intervention by an insurance company acting under the terms of a policy requiring it to defend the action would pose a question different from the one now before the Court and nothing here said is to be construed as the expression of an opinion upon such a state of facts.

It is my conclusion that under the facts of this case proper service has been had upon the defendant Knight and that on the face of the record the case should proceed as to her.

■ There remains for consideration the question of the validity of service on the defendant Kerins. Substitute service was had on Kerins, a resident of Illinois, and the owner of the car involved in the collision, under that portion of the statute previously set out, which provides for sub-

stituted service on a non-resident "in any action or proceeding against him growing out of any accident or collision in which such non-resident or *his agent or employee* may be involved while operating a motor vehicle * * *." (Italics supplied.)

Plaintiff alleges in his complaint that defendant Knight was the agent of the co-defendant Kerins when she drove his automobile to Richmond. The affidavit of Kerins in support of his motion to dismiss states that the automobile was loaned to Knight for the purpose of taking it to a specified place to have certain repairs made. He also states that he specifically restricted the use of his automobile to the limits of Williamsburg.

The affidavit of the owner of the garage to which the car was first taken, E. F. Gollimore, and which was submitted on behalf of the plaintiff, states that on the morning of November 1, 1945, a young woman drove James Kerins' automobile to his service station and left a tire to be repaired and at the time told him that James Kerins had asked her to leave the tire to be repaired and that he would pick it up that night. He further stated that he was told by her that Kerins had given her permission to drive the car around Williamsburg and vicinity.

A statement of facts regarding defendant Knight's use of the car would indicate that she was given use of the car by Kerins to first take the tire to be repaired and secondly to drive around Williamsburg and vicinity for her own pleasure during the day.

The statute in question limits service on a non-resident to cases where he, or his agent or employee, operates the car involved in a collision. Defendant Kerins was not operating the car at the time of the collision, nor is it alleged that Knight who was operating the car was his employee, so the only question left to determine is whether she was acting as his agent when driving in Richmond.

Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. *following section* 723c, provides that a motion setting up the defense of a lack of jurisdiction over the person shall be heard and determined before trial on application of any party, unless the Court orders that the hearing and determination thereof be deferred until trial.

It is the Court's opinion that the motion made by Kerins raises an issue which can best be disposed of at the trial of the case on its merits. Devier v. George Cole Motor Co. et al. D.C., 27 F.Supp. 978.

It is suggested that counsel for the plaintiff draft appropriate order, submitting it to counsel for the defendants for endorsement before presentation, overruling the motion of Norma Sue Knight, also known as Mrs. Ray P. Knight, to dismiss the action and quash the service of the process and complaint as to this defendant, and deferring determination on the motion of James A. Kerins, Jr., to dismiss the action and quash the service of the summons and complaint as to this defendant, until the trial of the case on its merits.