**MULHERN v. GEROLD et al.**

**Civ. A. No. 53–313.**

United States District Court
D. Massachuetts.

Oct. 15, 1953.

# 23

George A. McLaughlin, Walter H. McLaughlin, Charles S. McLaughlin, Boston, Mass., for plaintiff.

Gerald May, Boston, Mass., for defendants.

FORD, District Judge.

Plaintiff in this suit, a resident of Massachusetts, sues the defendants, alleging damages as a result of alleged fraudulent representations made in the purchase of securities in 1948. Josephthal & Company is a partnership, the members of which are non-residents of Massachusetts. The suit was commenced in the state court (removed here) by service of process upon the Secretary of the Department of Public Utilities in accordance with Mass.G.L.(Ter.Ed.) Ch. 110A, § 10, as added by St.1932, c. 290.[1] In 1930, in accordance with § 10, the five individuals then composing the firm filed a power of attorney on a form prescribed by the Department of Public Utilities, appointing the Secretary of the Department their agent for accepting process within the Commonwealth. A notice of this suit was sent by the Secretary to one of the partners.

Defendants move to dismiss the action on the ground, among others, that Mass. G.L.(Ter.Ed.) Ch. 110A, § 10 is invalid in that it violates the due process clause of the 14th Amendment to the Constitution because the statute fails to provide for notice of suit to non-resident defendants.

 The position of defendants, in the light of the authorities and fairness, seems to be sound. The basic requirements of due process are notice and an opportunity to be heard. Scott v. McNeal, 154 U.S. 34, 46, 14 S.Ct. 1108, 38 L.Ed. 896. Section 10 of the statute has no requirement of any kind for notice of service on the Secretary of the Department to non-residents. What the Supreme Court stated in Wuchter v. Pizzutti, 276 U.S. 13, at page 19, 48 S.Ct. 259, at page 260, 72 L.Ed. 446, in holding a New Jersey statute lacked due process that provided that in actions by residents of the state against non-residents for personal injuries resulting from the operation of motor vehicles on the state highways, service of summons may be made on the Secretary of State, as their agent with no provision making it reasonably probable that notice of such service will be communicated to the defendant, was " * * * the enforced acceptance of the service of process on a state officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice. Otherwise, where the service of summons is limited to a service on the secretary of state or some officer of the state, without more, it will be entirely possible for a person injured to sue any non-resident he chooses, and through service upon the state official obtain a default judgment against a non-resident who has never been in the state, who had nothing to do with the accident, or whose automobile having been in the state has never injured anybody. A provision of law for service that leaves open such a clear opportunity for the commission of

[1] No non-resident person, not having a usual place of business in the commonwealth, shall be registered until he has filed with the commission a writing, in a form approved by the attorney general, appointing the secretary of the commission to be his true and lawful attorney upon whom all lawful process in any action or proceeding against him, arising out of or connected with any act or acts done by him as such broker or salesman, may be served, and agreeing that such process so served on said attorney shall be of the same legal force and validity as if in fact served upon him, and that the said appointment and agreement shall remain in force so long as any such liability remains outstanding against him in this commonwealth."

fraud (Heinemann v. Pier, 110 Wis. 185, 85 N.W. 646) or injustice is not a reasonable provision, and in the case supposed would certainly be depriving a defendant of his property without due process of law." In this case, the defendant had actual notice, but the court stated, 276 U.S. at page 24, 48 S.Ct. at page 262, 72 L.Ed. 446, " * * * Not having been directed by the statute it cannot, therefore, supply constitutional validity to the statute or to service under it." It would follow from this that the fact that one member of the defendant partnership in the present suit received actual notice would not supply constitutional validity to § 10.[2] Cf. Hess v. Pawloski, 274 U.S. 352, 356, 47 S.Ct. 632, 71 L.Ed. 1091; Duggan v. Ogden, 278 Mass. 432, 436, 180 N.E. 301, 82 A.L.R. 765; Smyrnios v. Weintraub, D. C.Mass., 3 F.Supp. 439, 440 for cases discussing the same principles involved in the case at bar.

■ It is true, as plaintiff argues, that "blue sky" laws are within the ambit of the police power of a state and constitutional. See Hall v. Geiger-Jones Co., 242 U.S. 539, 550, 551, 37 S. Ct. 217, 61 L.Ed. 480; Caldwell v. Sioux Falls Stock Yards Co., 242 U.S. 559, 37 S.Ct. 224, 61 L.Ed. 493; Mass.G.L.(Ter. Ed.) Ch. 110A, § 10. That is not the question involved here. What we are concerned with here is the constitutionality of a statute prescribing the enforced acceptance of service of process on a state officer by the defendants in an action brought against the latter, not for violating any provisions of the "blue sky" laws but for deceit in the sale of securities.

It is also true, as plaintiff argues, that selling securities in a state and operating automobiles within a state are entirely different activities but the principle of due process or fairness—the right to appear and be heard—in suits brought against defendants, is the same and by a parity of reasoning the result reached here seems demanded by the automobile cases. The relatively recent case of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, involving lack of notice to known beneficiaries in settlement of trust accounts, appears to confirm the principle involved. That case, 339 U.S. at page 314, 70 S.Ct. at page 657, 94 L. Ed. 865 states "an elementary and fundamental requirement of due process *in any proceeding* which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (Emphasis supplied.)

■ The conclusion is that Mass.G.L. (Ter.Ed.) Ch. 110A, § 10, violates the 14th Amendment and service of process made pursuant to it is invalid.

It appeared at the hearing on the motion to dismiss that the defendants now have a usual place of business in Massachusetts. Consequently, since the possibilities of service have not been exhausted, the entry will be merely "Service quashed, motion to dismiss denied without prejudice." Also, the right is reserved to defendants to present at trial the defense of statute of limitations.

2. Cases involving substituted service upon foreign corporations without notice are not apposite here. The power of the state to exclude foreign corporations altogether and the right to impose conditions on their entrance into the state distinguish these cases from those involving substituted service upon individuals. See for distinction Washington v. Superior Court, 289 U.S. 361, 365, 53 S.Ct. 624, 77 L.Ed. 1256; Flexner v. Farson, 248 U.S. 289, 293, 39 S.Ct. 97, 63 L.Ed. 250; Pennsylvania Fire Ins. Co. v. Gold Issue Mining Co., 243 U.S. 93, 96, 37 S.Ct. 344, 61 L.Ed. 610.