**P. H. L. DAVIS and Elco Manufacturing (Fittings) Ltd., Plaintiffs,**

v.

**Edward F. GAHAN, S. L. Steinwendor and Elco Steel Products, Inc., Defendants.**

United States District Court
S. D. New York.
March 31, 1964.

☞469

Samet, Gordon & Riseman, New York City, for plaintiffs; Edward Robin, New York City, of counsel.

Cassin & Barry, New York City, for Edmund F. Gahan (sued herein as Edward F. Gahan), appearing specially herein.

SUGARMAN, District Judge.

On June 20, 1963 plaintiffs filed a complaint against defendants alleging that plaintiff Davis was a British subject and that plaintiff Elco Manufacturing (Fittings) Ltd. was a British corporation; that defendants Gahan and Steinwender (sued as Steinwendor) were citizens of New York, doing business at 500 Fifth Avenue, New York City, and that defendant Elco Steel Products, Inc. (Elco Steel) was a Delaware corporation with its principal place of business at 500 Fifth Avenue, New York City; that jurisdiction was founded on diversity of citizenship and a claim in excess of $10,000; that since 1957 plaintiffs had built up a profitable business in the United States of selling steel pipe fittings bought in Germany; that in 1958 plaintiffs and defendants Gahan and Steinwender "formed a joint venture" to take over and expand plaintiffs' distribution business so that defendants Gahan and Steinwender would handle sales in the United States and plaintiffs would handle procurement in England and Germany; that to accomplish that result plaintiff Davis and defendants Gahan and Steinwender, each as a one-third shareholder, formed Elco, Inc. on August 19, 1958, of which defendant Gahan was a director and president and defendant Steinwender was secretary and treasurer; that Elco, Inc. was dissolved on August 10, 1959; that in furtherance of the joint venture plaintiffs had transferred to the joint venture certain accounts of customers in the United States and procurement arrangements with suppliers in Germany; that defendants Gahan and Steinwender in conducting the business of the joint venture had refused to furnish plaintiffs with information about sales in the United States, had refused plaintiffs access to

the records of Elco, Inc. and had failed to render a proper accounting of the joint venture.

The complaint also charged that defendants Gahan and Steinwender conspired to divert to themselves and to destroy plaintiffs' business; that in furtherance of the alleged conspiracy they caused Elco, Inc. to be dissolved and on the same day caused Elco Steel to be organized with defendant Gahan as its president; that they diverted customers and suppliers of Elco, Inc. to Elco Steel; that they thereby breached their fiduciary duty to, unfairly competed with and improperly accounted to plaintiffs. The complaint sought an accounting of the affairs of Elco, Inc., of the distribution of its funds on dissolution and of the defendants' commissions and profits since its dissolution, on business diverted from it; and an injunction against the defendants' continued use of the name of Elco Steel and restraining solicitation by defendants of former customers, etc. of Elco, Inc.

As appears by the returns of the Marshal for this district, defendant Steinwender was personally served at 500 Fifth Avenue, New York City, on June 24, 1963; defendant Elco Steel was served at the same time and place by delivery of copies of the summons and complaint to Steinwender, Vice-President; and that service could not be effected on defendant Gahan because

"Mr. Gahan does not be at above address. [500 Fifth Avenue, New York City] He resides at 2306 Barcelona Drive
Fort Lauderdale, Fla."

Defendants Steinwender and Elco Steel filed their answer on September 23, 1963.

As appears by the return of the Marshal for the Southern District of Florida, defendant Gahan was served with the summons and complaint on December 10, 1963

"by handing to and leaving a true and correct copy thereof with Mrs. Edward F. Gahan (Wife at usual place of abode.) personally at 2306 Barcelona Drive at Ft. Lauderdale Florida."

Defendant Edmund F. Gahan now moves

"for an order, pursuant to Rule 4 of the Federal Rules of Civil Practice, [sic] quashing the service of the process herein on Edmund F. Gahan (sued herein as Edward F. Gahan) and for a dismissal of the action herein as to said Edmund F. Gahan (sued herein as Edward F. Gahan) on the ground that the process was not personally served on said defendant within the territorial limits of the State in which this United States District Court is held, as prescribed by said rule, * * *."

At the outset and because they enter into the decision of this motion, it is noted that amendments to F.R.Civ.P. 4 became effective on July 1, 1963 and that the effective date of New York CPLR was September 1, 1963, both of which dates were after the complaint was filed on June 20, 1963 and before defendant Gahan was served on December 10, 1963. The amendments to F.R.Civ.P. 4 are applicable here because F.R.Civ.P. 86(e) provides that they "govern * * * all further proceedings in actions then [on July 1, 1963] pending" unless, which is not the case here, making them applicable "would work injustice". New York CP LR is likewise applicable here because § 10003 thereof provides that the act applies "to all further proceedings in pending actions" unless, which is also not the case here, making it applicable "would not be feasible or would work an injustice".

As amended, F.R.Civ.P. 4(e) permits service of a summons upon a party not an inhabitant of or found within the state, under the circumstances and in the manner prescribed in the statute of the state in which the district court is held. New York CPLR § 302 permits the exercise of personal jurisdiction over any non-domiciliary for a cause of action arising from an act resulting *inter alia* from

the transaction of business or the commission of a tortious act within the state.

The first inquiry, therefore, is whether the facts herein meet the requirements of due process for the exercise of *in personam* jurisdiction over Gahan by New York under its long-arm statute, CPLR § 302.

■ The due process requirements are that Gahan shall have had certain minimum contacts with New York, such that the maintenance of the suit would not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Wash. etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

New York CPLR § 302(a) supplies three bases upon which to predicate *in personam* jurisdiction over a non-domiciliary, two of which apply to Gahan. It allows jurisdiction if the cause of action asserted against him arises from (1) the transaction of any business within New York or (2) the commission of a tortious act within New York. A third basis, i. e., ownership, etc. of real property within the state is not involved.

What is alleged in this action is that Gahan, with the defendant Steinwender, in the operation and winding up of the affairs of Elco, Inc. and, with the defendants Steinwender and Elco Steel, in the diversion of the customers and supply sources of Elco, Inc. to Elco Steel, breached their fiduciary duties to and defrauded plaintiffs. Defendants Steinwender and Elco Steel in their answer to the complaint

"admit that on or about August 19, 1958 a corporation known as Elco, Inc. was caused to be organized under the laws of the State of Delaware by plaintiff Davis and thereafter plaintiff Davis and defendant Gahan became stockholders and directors and defendant Gahan became President of Elco, Inc.; and, that said corporation established its principal office and place of business at 500 Fifth Avenue in the City of New York and State of New York; and, that some time thereafter, defendant Steinwender became a stock holder and an officer and director thereof and continued in such capacity until Elco, Inc. was dissolved on or about August 10, 1959."

It thus appears that plaintiffs' claim against Gahan arises from the following:

(a) during the period August 19, 1958 to August 10, 1959 (i) the transaction by Gahan in New York of the business of Elco, Inc., (ii) his diversion in New York of the customers and suppliers of Elco, Inc., (iii) his fraudulent accounting in New York of the affairs of and dissolution of Elco, Inc.; (b) subsequent to August 10, 1959 (i) the transaction by Gahan in New York of the business of Elco Steel, (ii) his continued diversion in New York of the customers and suppliers of Elco, Inc., (iii) his fraudulent accounting in New York of Elco, Inc. after its dissolution.

In answers to interrogatories propounded by plaintiffs, defendant Gahan admitted that he was a resident of New York State from January 1, 1958 to October 31, 1962 and voted in New York State at the general elections held in the years 1958–1961 inclusive; that he was president and stockholder of another corporation which conducted business in New York until July 1, 1962; that he paid income taxes to New York State on income earned therein for the calendar years 1958–1961 inclusive and for the period January 1 to October 31, 1962; that he paid his Federal Income taxes in New York for the calendar years 1958–1961 inclusive; that he served Elco Steel as an officer acting in an advisory capacity and still does.

■ There was accordingly sufficient basis for *in personam* jurisdiction over Gahan by New York under New York CPLR § 302(a) 1 and 2.

This being so, what were the necessary mechanics for asserting that jurisdiction in an original diversity suit in this court? F.R.Civ.P. 4 supplies the answer. In F.R.Civ.P. 4(d) (7) it is stated *inter alia* that service may be made upon an individual in the manner prescribed by the law of the state in which the district

court is held, New York. In F.R.Civ.P. 4(e) it is stated *inter alia* that whenever a statute of the state in which the district court is held provides for service of a summons upon a party not an inhabitant of the state, service may be made under the circumstances and in the manner prescribed in the statute of the state.

The circumstances have been discussed above.

As to the manner of service, defendant Gahan, in his affidavit in support of the motion states:

> "4. On December 10th, 1963 the summons and complaint herein were allegedly served on your deponent at my legal residence at the aforesaid address, 2306 Barcelona Drive, Fort Lauderdale, Florida."

In the light of the Florida Marshal's return this does not justify the statement by plaintiffs' attorney in his memorandum in support of the motion that

> "Gahan states that the summons and complaint were delivered to him at his residence in Ft. Lauderdale, Florida * * * Since delivery of the summons to the person is a permitted method of personal service upon a natural person. (§ 308, C.P.L.R.), Gahan was properly served pursuant to New York law."

■ Since New York CPLR § 308 clearly applies to service upon a natural person within the state, it can apply to service without the state only if it is elsewhere made applicable thereto. That is accomplished by New York CPLR § 313 which provides *inter alia* that a person subject to jurisdiction under § 302 (as defendant Gahan is, *supra*) may be served "in the same manner as service is made within the state".

■ Was the Florida Marshal's "handing to and leaving a true and correct copy" of the summons and complaint "with Mrs. Edward F. Gahan (Wife at usual place of abode.) personally at 2306 Barcelona Drive at Ft. Lauderdale Florida" [a permissible method of service within the state under F.R.Civ.P. 4(d)

(1)] sufficient under F.R.Civ.P. 4(d) (7), 4(e) and 4(f)? I think not. F.R.Civ.P. 4(f) permits service of process beyond the territorial limits of the state in which the district court is held when authorized by the Federal Rules of Civil Procedure. While F.R.Civ.P. 4(d) (7) allows as an alternative to F.R.Civ.P. 4(d) (1) service in the manner prescribed by the law of the state in which the district court is held, F.R.Civ.P. 4(e) directs that service upon a non-domiciliary must be made under the circumstances and in the manner prescribed in the state statute.

New York CPLR § 308 allows four methods of service on a natural person: (1) delivery of the process to him; (2) delivery of the process to an agent appointed under Rule 318; (3) where service cannot be effected under method (1) above, (a) mailing of the process to the defendant, and (b) either (i) affixing it to the door of his place of business or abode, or (ii) delivering it to a person of suitable age and discretion therein and (iii) filing proof of service with the clerk of the court; (4) where service is impracticable under (1), (2) and (3) above, procuring an ex parte order directing the manner of service.

Obviously methods (1), (2) and (4) above are inapplicable. As to method (3) two deficiencies in the service on Gahan appear. First, although the Marshal of this district certified that he could not personally serve Gahan in New York, the Florida Marshal did not certify that he could not personally serve Gahan in Florida. Second, the process was never mailed to Gahan. While this motion allows the assumption that Mrs. Gahan gave the summons and complaint to defendant Gahan, that is not enough. The detailed steps of New York CPLR § 308 (3), made applicable by § 313 to service on a non-domiciliary were designed to assure that fair notice which due process mandates. Cf. Mulhern v. Gerold, 116 F.Supp. 22 (Mass.1953).

■ It should be noted that although New York CPLR § 308(3) speaks of the doing of the acts "within the state", that restriction of necessity must be held

inapplicable under § 313 to a defendant subject to personal jurisdiction under § 302.

The motion by defendant Gahan, insofar as it seeks to quash the service of process herein upon him on December 10, 1963 in Ft. Lauderdale, Florida, is granted.

His motion to dismiss the action is denied because it does not appear that he is not susceptible to proper service by compliance with the New York statute. Cf. Krulikowsky v. Metropolitan Dist. Council, 30 F.R.D. 24 (E.D.Pa.1962).

It is so ordered. No further order is necessary.