Neal LASKA, Plaintiff-Appellant,†

v.

Kevin HOUSE, American Family Mutual Insurance Company and Richard Lambrecht, Defendants-Respondents,

EMPLOYERS HEALTH INSURANCE CO., Defendant.

Court of Appeals

*No. 91–1379. Submitted on briefs April 28, 1992.—Decided May 19, 1992.*

(Also reported in 485 N.W.2d 439.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Scott F. Anderson* of *Law Office of Scott F. Anderson* of Milwaukee.

For defendants-respondents American Family Mutual Insurance Company and Richard Lambrecht the cause was submitted on the briefs of *Terrence R. Berres* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.    Neal Laska appeals from an order dismissing his action against Kevin House for lack of personal jurisdiction. The sole issue on appeal is whether House's girlfriend, who accepted service of Laska's summons and complaint, was a "member of the family" for purposes of substitute service under sec. 801.11(1)(b)1, Stats. (manner of serving summons for personal jurisdiction). We affirm the circuit court's finding that House's housemate was not a "member of the family" under sec. 801.11(1)(b)1, Stats.

This action arose out of a one-car accident. House was the driver and Laska was a passenger in the vehicle. Laska filed suit against House and Richard Lambrecht, the owner of the vehicle in which House and Laska were riding. Lambrecht and his insurer moved the court for summary judgment for lack of proper service.[1] However, at the hearing on the summary judgment motion, the court, without objection, treated the motion as an objection to personal jurisdiction. Sections 801.08(1) and 802.06(2)(c), Stats. The court adduced evidence and made findings without reference to the materials presented on summary judgment. Therefore, we conclude that the parties abandoned their summary judgment motion and proceeded as though an objection to personal jurisdiction had been raised.

The burden to establish jurisdiction rests upon Laska. *M.C.I., Inc. v. Elbin,* 146 Wis. 2d 239, 242, 430 N.W.2d 366, 368 (Ct. App. 1988). Unless clearly errone-

---

[1]Whether the plaintiff's claim is barred by the two-year Illinois statute of limitations, whether the complaint states a claim against Richard Lambrecht upon which relief can be granted and whether permissive use of the vehicle existed were deferred by the trial court pending disposition of the jurisdictional issue.

ous, we accept the trial court's findings of fact on the jurisdictional issue but will also "conduct an independent review of the court's ultimate determination on the sufficiency of the state contacts." *Id.* at 242–43, 430 N.W.2d at 368; sec. 805.17(2), Stats. Private process server R. Kosiboski's affidavit of service recites in part: "[I] served the within authenticated summons and complaint on the within named defendant Kevin House 2005 S. 7 St. [Milwaukee, Wisconsin] 12:55 PM . . . by leaving an authenticated copy thereof at [House's] usual place of abode in the presence of his housemate Sue Weber, a competent member of the family." The date of service was May 16, 1989. Kosiboski had attempted personal service approximately eight times previously.

The facts, largely undisputed, also show that Weber, the woman who accepted service, described herself as House's "girlfriend" and told Kosiboski that House lived there with her at the South 7th Street location. House, however, testified that his primary place of residence on May 16th was with his father near 86th and Morgan Avenue in Milwaukee, Wisconsin. He also testified that he stayed at the South 7th Street apartment as well as with various friends. He stayed with Weber when they were getting along, and left when they were not. He had keys to his father's house and to the South 7th Street apartment. House testified that he had some clothing, but no other personal belongings, at the South 7th Street apartment. House's other belongings were kept at his father's house. House testified that he shared a post office box with his father and that as of May 16, 1989, he held a Colorado motor vehicle operator's license.

The trial court found that the South 7th Street address was House's usual place of abode, despite another finding that "Mr. House is a transient." How-

ever, the court also found that Weber was not a member of House's family, and therefore House was not properly served. We conclude that the trial court's findings of fact, which are supported by credible evidence, are not clearly erroneous and that its conclusion of law that Laska had not established personal jurisdiction over House was correct.

Our conclusion is supported by *Heinemann v. Pier,* 110 Wis. 185, 85 N.W. 646 (1901). The precedential strength of this venerable case retains its virility because sec. 2636(4), Stats. (1898) is almost identical to sec. 801.11(1)(b), Stats. (1989–90). The 1898 statute states that proper service is effected " 'by leaving a copy [of the summons] at his usual place of abode in the presence of some one of the family of suitable age and discretion, who shall be informed of the contents thereof.' " *Heinemann,* 110 Wis. at 188, 85 N.W. at 646 (citing sec. 2636(4), Stats. (1898)). Section 801.11(1)(b)1, Stats., provides for substitute service as follows:

> [B]y leaving a copy of the summons at the defendant's usual place of abode:
>     1. In the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof.[2]

In *Heinemann,* service was made on the defendant's daughter who, with her husband, lived in the same building as the defendant but in a separate apartment. The households were operated separately. The daughter was deemed a non-member of defendant's family because she was not under the management of her parent. The court said: "In order to constitute a family, the persons com-

---

[2]This statute was promulgated by the Wisconsin Supreme Court in its revision of Rule 801.11, Stats., 67 Wis. 2d 602–03 (effective Jan. 1, 1976).

posing it must be under one management or head."
*Heinemann,* 110 Wis. at 188, 85 N.W. at 646. The trial
court made no finding of fact, and the record contains no
facts to prove, that Weber was a "member of the family"
or was living "under one management or head." *See also
Watts v. Watts,* 137 Wis. 2d 506, 512–20, 405 N.W.2d
303, 307–09 (1987) (In the absence of a definition of
"family" in ch. 767, ACTIONS AFFECTING THE FAMILY,
female housemate for twelve years and mother of two of
the defendant's children was not a member of the family
under chs. 765–768.).

Laska argues that this court should modify sec.
801.11(1)(b), Stats. and adopt a more "expansive and
realistic" concept of "family." He notes that the Federal
Rules of Civil Procedure, 4(d)(1) has eliminated the
word "family" from service of process requirements.
Substitute service is acquired under Federal Rule 4(d)(1)
by service on "some person of suitable age and discretion
then residing therein." Laska also cites foreign jurisdic-
tion authorities which have broadened the concept of
family in support of his argument.

We are bound by the clear language of sec.
801.11(1)(b), Stats. as it is written. *See In re J.A.L.,* 162
Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991) (It is the
duty of this court to apply the supreme court's intent
when it is clearly and unambiguously set forth in its
rules of civil procedure.). Any change in this rule must
come from the supreme court pursuant to sec. 751.12,
Stats. (rules of pleading and practice).

*By the Court.*—Order affirmed.