M.C.I., INC., a domestic corporation, Plaintiff-Respondent,

v.

Gerald ELBIN, and Woodlands Management, Inc., Defendants-Appellants,

THOMPSON DYKE & ASSOCIATES, LTD., a foreign corporation, Defendant.

Court of Appeals

*No. 87–1935. Submitted on briefs May 26, 1988.—Decided August 4, 1988.*

(Also reported in 430 N.W.2d 366.)

239

For the defendants-appellants the cause was submitted on the briefs of *George K. Steil, Jr.,* and *David A. Schumann,* and *Brennan, Steil, Ryan, Basting & MacDougall, S.C.,* of Janesville.

For the plaintiff-respondent the cause was submitted on the brief of *Daniel J. Collins* and *Nowland & Mouat,* of Janesville.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   Gerald Elbin and Woodlands Management, Inc. (Elbin), appeal from an order denying their motion to dismiss the action for lack of personal jurisdiction. They also appeal from a final judgment awarding MCI, Inc., $15,342.69 in damages for breach of contract. The issues are whether the trial court erred in ruling that Wisconsin's "long-arm" statute, sec. 801.05, Stats., gave the court jurisdiction over Elbin and in "adopting" MCI's brief in its decision. We see no error and affirm.

MCI, a Wisconsin corporation, agreed to provide labor and materials for a restaurant being built by Elbin, an Illinois resident, in Lake County, Illinois. After the project was completed, a dispute arose over payment for MCI's services. When the dispute could not be resolved, MCI brought this action to recover the amounts alleged to be due under its contract with

Elbin. Elbin moved to dismiss for lack of personal jurisdiction.

The trial court set the matter for an evidentiary hearing. However, Elbin waived the hearing, choosing instead to rely solely upon the affidavits of two persons associated with the Illinois project which were submitted in support of his motion to dismiss. MCI agreed to the procedure and filed its own affidavit, and both parties briefed the issue. The court, basing its decision solely on the materials submitted, denied the motion. As indicated, judgment was eventually entered in favor of MCI.

Sections 801.05(5)(a) and (d), Stats., establish a framework for determining personal jurisdiction. Under those statutes a court has personal jurisdiction over a defendant where the action:

> (a) Arises out of a promise, made anywhere to the plaintiff ... for the plaintiff's benefit, by the defendant to ... pay for services to be performed in this state by the plaintiff; or
>
> ....
>
> (d) Relates to goods ... or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction.

The plaintiff has the burden of proving jurisdiction. *State v. Advance Marketing Consultants, Inc.,* 66 Wis. 2d 706, 712–13, 225 N.W.2d 887, 891 (1975). However, the statutes are to be liberally construed in favor of the exercise of jurisdiction. *Schroeder v. Raich,* 89 Wis. 2d 588, 593, 278 N.W.2d 871, 874 (1979). We will adopt the trial court's jurisdictional findings of fact unless they are clearly erroneous, although we conduct an independent review of the court's ultimate

determination on the sufficiency of the state contacts. *In re Davanis v. Davanis,* 132 Wis. 2d 318, 331, 392 N.W.2d 108, 113 (Ct. App. 1986).

The affidavit filed by MCI in opposition to Elbin's motion for summary judgment states that Elbin paid MCI to purchase or manufacture certain materials in Wisconsin for use at the Illinois construction site, and that the action related to goods shipped to Elbin at his order. Those facts are not contravened in Elbin's affidavits and, taken together, they are sufficient to support the court's conclusion that personal jurisdiction exists under secs. 801.05(5)(a) and (d), Stats.

Elbin argues that even if the statutory requirements are met, assumption of jurisdiction in this case would violate his due process rights. In the jurisdictional context, due process "requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citation omitted).

Compliance with sec. 801.05, Stats., is *prima facie* compliance with due process requirements; but the presumption is rebuttable, as the court explained in *Davanis,* 132 Wis. 2d at 330–31, 392 N.W.2d at 113:

> Although compliance with sec. 801.05, Stats., raises a presumption of compliance with due process, this presumption may be rebutted by a defendant, especially through the use of the five-factor test for due process, [*International Shoe*], first stated in *Zerbel v. H.L. Federman & Co.,* 48

Wis. 2d 54, 64–66, 179 N.W.2d 872, 878–79 (1970), *appeal dismissed,* 402 U.S. 902 (1971). In *Zerbel,* the supreme court adopted the following factors for a due process analysis in personal jurisdiction cases: the quantity of contacts with the state, the nature and quality of the contacts, the source of the cause of action, the interest of Wisconsin in the action, and convenience.

■ Elbin's argument on the *Zerbel* factors contains no citations to the record, and our examination of the affidavits submitted in support of his motion reveals only that neither affiant had ever traveled to Wisconsin in connection with the MCI contract and that "Wisconsin had no significant contacts with the subject matter of this action"—a legal conclusion. None of the *Zerbel* factors are directly addressed. Given the paucity of evidence on Elbin's behalf, we agree with the trial court that the presumption that due process has been afforded has not been overcome. Elbin cannot now substitute argument for the testimony he voluntarily declined to offer in the trial court.

■ Elbin next argues that the trial court erred in adopting MCI's brief in its supplementary decision. The trial court issued a brief memorandum decision on the jurisdictional motions. In that decision, the court noted that it had read the parties' briefs and had "examined the law as appropriate," and that it was "adopt[ing] the [plaintiff's] brief as its position herein." Elbin suggests that the manner in which the court proceeded somehow shifted the burden of proof on the jurisdictional issue to him, rather than allocated it to MCI as the law requires, but the argument is unexplained and undeveloped, and we need not consider it

further. *State v. Beno,* 99 Wis. 2d 77, 91, 298 N.W.2d 405, 413 (Ct. App. 1980).

Elbin also argues that the trial court erred in relying on MCI's brief because it contained "material misstatements of both fact and law" which Elbin had "no means to redress." Here, too, the argument is undeveloped. The crux of his position, however, seems to be this: Because each party submitted "equally plausible" affidavits in support of its position on the motion, and because the only other document submitted to the court—the parties' contract—supported Elbin's position, the court had no choice but to decide the case in Elbin's favor. We disagree.

Both parties agreed to waive an evidentiary hearing and to submit the case to the trial court on four documents: the three affidavits and the written agreement. Elbin, by declining the opportunity to convene a hearing to resolve the disputed facts, tacitly agreed to allow the trial court to find the facts from the documents alone. In *Dillon v. Dillon,* 46 Wis. 2d 659, 176 N.W.2d 362 (1970), the parties agreed to a similar procedure to permit the court to determine the plaintiff's residency for purposes of assuming jurisdiction in a divorce action. The affidavits were in "considerable conflict," *Id.* at 662, 176 N.W.2d at 363, and the supreme court upheld the trial court's factual findings based on the affidavits, stating: "We have examined these affidavits and it cannot be said that the trial court's determination that plaintiff was a bona fide resident of St. Croix county ... is against the great weight and clear preponderance of the evidence." *Id.* at 663, 176 N.W.2d at 364. That standard is, of course, the same as the "clearly erroneous" standard we have referred to earlier. *Noll v. Dimice-*

*li's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983).

By agreeing to such a procedure, Elbin and MCI authorized the trial court to resolve any factual disputes in the affidavits without further evidence, and that is what the court proceeded to do. Under the circumstances, we do not see how Elbin can now be heard to complain. He does not argue that the court's determination was clearly erroneous, but only that the case should have been decided in his favor on the evidence submitted. The test, however, is whether the trial court's factual determinations are clearly erroneous, *Davanis,* 132 Wis. 2d at 331, 392 N.W.2d at 113, and they are not. The court's jurisdictional findings are supported by the evidence contained in MCI's affidavit. Because the trial court correctly ruled that Elbin had sufficient contacts with Wisconsin to make him subject to the long-arm statute, and because that ruling did not deprive him of due process, we affirm.

*By the Court.*—Judgment and order affirmed.