PER CURIAM.
¶ 1 Ida Hautop appeals a summary judgment granted in favor of the County of Bayfield, RM Bay Logging Inc., and the Department of Natural Resources (collectively "the County"). We conclude Hautop's suit is barred by the doctrine of claim preclusion based on a previous foreclosure judgment and the denial of a prior motion to vacate the foreclosure judgment. Accordingly, we affirm.
¶ 2 The previous foreclosure judgment was entered in 2013. Hautop's real estate was among the properties listed as delinquent for property tax purposes and subject to tax foreclosure. The circuit court appointed a guardian ad litem (GAL) "to serve for all persons known or unknown who have or may have an interest in the lands described in any list and who are or may be minors or individuals adjudicated incompetent at the date of filing such list." The uncontroverted evidence indicated the GAL's investigation included checking if any incompetency notice under WIS. STAT . § 54.19(8) was filed for any interested person in the register of deed's office; reviewing the final list of delinquent tax parcels to ascertain apparent minors or adjudicated incompetents; and mailing each delinquent taxpayer a notice of the right to redeem and requesting each delinquent property owner, including Hautop, to contact the GAL if any affected owner was a minor or incompetent. The GAL did not receive a response from Hautop to his letter, and he had no other reason to believe Hautop had been adjudicated incompetent. The circuit court subsequently entered a foreclosure judgment in favor of the County.
¶ 3 Two years later, Hautop filed a motion for relief from the tax lien foreclosure judgment, pursuant to WIS. STAT . § 806.07 (2015-16).[1] Hautop argued she was entitled to relief because the GAL had failed to fulfill his statutory duties to her. The circuit court denied the motion, and we affirmed on appeal. See County of Bayfield v. Hautop , No. 2016AP984, unpublished slip op. (WI App July 11, 2017). We concluded that under the clear language of WIS. STAT . § 75.521(12)(b), Hautop did not fall under the GAL's purview, because the duties and responsibilities of a GAL under the statute apply only to minors and individuals "adjudicated incompetent." Hautop had not been adjudicated incompetent, and therefore the court properly denied Hautop's motion for relief from the foreclosure judgment.
¶ 4 While that appeal was pending, Hautop filed the present action alleging WIS. STAT . § 75.521(12)(b) was unconstitutional because it failed to adequately protect individuals who are "incompetent but have not been adjudicated as such." Hautop sought a declaration that the statute was unconstitutional, and "an order vacating the judgment entered [in the 2013 tax foreclosure case]." The parties filed cross-motions for summary judgment. The circuit court granted summary judgment in the County's favor, and Hautop now appeals.
¶ 5 We review summary judgments independently, applying the same methodology as the circuit court. Hoida, Inc. v. M & I Midstate Bank , 2006 WI 69, ¶ 15, 291 Wis. 2d 283, 717 N.W.2d 17. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT . § 802.08(2). Whether claim preclusion applies to a given set of facts is a question of law we decide independently. Menard, Inc. v. Liteway Lighting Prods. , 2005 WI 98, ¶ 23, 282 Wis. 2d 582, 698 N.W.2d 738.
¶ 6 In general, a judgment is binding on the parties and may not be attacked in a collateral action unless it was procured by fraud. State v. Madison , 120 Wis. 2d 150, 154, 353 N.W.2d 835 (Ct. App. 1984). Wisconsin courts disfavor allowing collateral challenges because they disrupt the finality of prior judgments and thereby tend to undermine confidence in the integrity of our procedures and because they inevitably delay and impair the orderly administration of justice. See State v. Gudgeon , 2006 WI App 143, ¶ 6, 295 Wis. 2d 189, 720 N.W.2d 114. Accordingly, under the doctrine of claim preclusion, a final judgment is conclusive "in all subsequent actions between the same parties or their privies as to all matters which were litigated or which might have been litigated in the former proceedings." Lindas v. Cady , 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994).
¶ 7 Claim preclusion has three elements: (1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction. Id. at 551. Claim preclusion is designed to draw a line between the meritorious claim, on the one hand, and the vexatious, repetitious and needless claim on the other hand. Id. at 550.
¶ 8 Hautop concedes the first element of claim preclusion is satisfied, "as Mrs. Hautop and the Bayfield County are at the center of litigation in both cases." Moreover, Hautop fails to develop an argument regarding the third element-a final judgment on the merits-and we shall not abandon our neutrality to develop an argument regarding that element. See M.C.I., Inc. v Elbin , 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988). In any event, although Hautop contends in passing that the "judgment was by default," it is irrefutable the 2013 foreclosure judgment was entered after a hearing and affidavits establishing sufficient proof, including the identity of the parcels that remained unredeemed. Thus, the resolution of this matter depends upon the second element: whether there is an identity between the causes of action in the two suits.
¶ 9 For purposes of determining whether there is an identity of claims in the two lawsuits, Wisconsin has adopted the "transactional approach" from the RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). See Menard , 282 Wis. 2d 582, ¶ 30.
Under this analysis, all claims arising out of one transaction or factual situation are treated as being part of a single cause of action and they are required to be litigated together. The concept of a transaction, "connotes a factual grouping or common nucleus of operative facts." In determining if the claims of an action arise from a single transaction, we may consider whether the facts are related in time, space, origin, or motivation.
Id. (citations omitted).
¶ 10 In the present lawsuit, Hautop argued WIS. STAT . § 75.521(12)(b) was unconstitutional as applied to the 2013 tax foreclosure case because due process required the State to do more to determine whether delinquent property owners were non-adjudicated incompetents. However, the present case arose from the same operative facts as her claim in the foreclosure action. In that previous matter, Hautop failed to pay property taxes for years and the County initiated a foreclosure action pursuant to § 75.521(12)(b). The GAL sent Hautop notice of appointment and requested a response if she was a minor or adjudicated incompetent. The circuit court granted the foreclosure judgment after the GAL advised the court he had no reason to believe Hautop was a minor or adjudicated incompetent, and the court was satisfied in the elements of proof concerning foreclosure.
¶ 11 Hautop sought relief from the foreclosure judgment on the grounds that WIS. STAT . § 75.521(12)(b) required the GAL to do more, and argued the foreclosure judgment should be vacated because the GAL failed to fulfill his statutory duties. That theory was litigated in the previous action. Hautop now seeks to litigate in the present collateral action whether § 75.521(12)(b) is unconstitutional because due process requires the GAL to do more. However, all the facts giving rise to Hautop's present suit were in existence at the time of the foreclosure action, and they formed the foundation of both lawsuits. The two claims are just different legal theories premised on the same common nucleus of operative facts, and they were required to be litigated together. See Menard , 282 Wis. 2d 582, ¶ 30. Hautop's claims therefore arise out of one transaction or factual situation. See id. , ¶ 38. Hautop's constitutional challenge "might have been litigated" in the former foreclosure proceedings, and it amounts to an impermissible attempt to collaterally attack the 2013 tax foreclosure judgment. Id. , ¶ 26. As such, Hautop is precluded from asserting the constitutional challenge in the present collateral action. Id.
¶ 12 Hautop insists her right to bring a "counterclaim" in the foreclosure action was permissive, and she was not required to litigate the constitutionality of WIS. STAT . § 75.521(12)(b) in the foreclosure action. However, Hautop's constitutional arguments in the present case would be more accurately characterized as affirmative defenses to a foreclosure, because she sought no relief in her present complaint other than vacation of the tax foreclosure judgment. Hautop's current position on appeal is that a favorable judgment on the constitutional argument "by itself, will do nothing to the judgment granted in [the foreclosure case]." Hautop contends "[t]hat judgment will remain of record; Bayfield County will remain the titled owner of the parcels at stake, and no rights whatsoever ... will be obtained by Mrs. Hautop if her claim is successful in this case." However, a verdict favorable to Hautop in the present case would undermine the judgment in the tax foreclosure case, allowing Hautop to take the declaratory judgment and use it to vacate the foreclosure judgment. Furthermore, as mentioned, Hautop's complaint in the present case sought no relief other than vacation of the tax foreclosure judgment, and her complaint also asserted that she "has a legal interest in the controversy in that her right to own the land in question is at issue."
¶ 13 Because we conclude Hautop's present suit is barred by claim preclusion, we need not reach the County's argument that Hautop lacks standing to challenge the constitutionality of § 75.521(12)(b). (Red 20)
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

References to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.