COURT OF APPEALS
DECISION
DATED AND FILED

July 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1034**

Cir. Ct. No. **2018SC382**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

JIM OLSON MOTORS, INC.,

   PLAINTIFF-RESPONDENT,

 V.

MICHAEL COLE,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Door County: DAVID L. WEBER, Judge. *Affirmed*.

¶1    SEIDL, J.[1]    Michael Cole appeals from a small claims judgment entered in favor of Jim Olson Motors, Inc. (Olson). Cole argues the circuit court erroneously exercised its discretion by denying his motion to amend his

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

counterclaim brought at the beginning of the second day of trial. We disagree and affirm.

## BACKGROUND

¶2     In July 2018, Cole hired Olson to replace a fan clutch and blade on his truck. Olson subsequently filed this small claims action alleging Cole owed it $1146.81, plus attorney's fees and costs, for the service and repair work. Cole answered and counterclaimed for $5000. His counterclaim alleged that Olson "failed to perform the work in a manner consistent with generally accepted standards of auto repair," "was negligent in the repair," and "misrepresented the work they would do, had done, and needed to be done."

¶3     The matter proceeded to a bench trial at which Cole represented himself. He alleged that one of Olson's prior repairs to Cole's truck had caused the problem with the truck fan clutch and blade  Specifically, he claimed that Olson failed to replace certain bolts during an October 2016 repair, causing the fan clutch to fail in June 2018. Olson denied that any of its prior repairs caused the fan clutch to fail, and Olson argued it performed the July 2018 repair work on Cole's truck at a discounted rate because it wanted to "please a customer."

¶4     Olson's service manager, William Allen, testified that Cole agreed to the discounted rate during a conversation among Cole, Jim Olson, and Allen. Cole denied such an agreement was made. He instead claimed that, in separate conversations he had with Allen and Jim Olson, Cole told them that if Olson wanted to continue to have Cole's business, it would need to repair the truck at no charge.

¶5      After Olson repaired the fan clutch and blade, Cole drove his truck off the premises using a spare set of keys and without paying for the repair.  As he did so, Cole noticed an engine light was illuminated.  He returned to Olson to address the issue, and an employee "clear[ed] the code" for him—i.e., turned off the "check engine" light.  Cole then left without paying because it was his position that Olson agreed he did not need to pay for the repairs.

¶6      Following the July 2018 repair, Cole's truck experienced additional mechanical issues.  This time, Cole brought the truck to a different dealership to address the issues, which involved Cole paying to have his truck's power train control module ("PCM") repaired.  In his original counterclaim, Cole asserted that this repair cost was part of the damages Olson owed him as a result of its defective repairs.

¶7      Olson rested its case near the end of the first day of trial.  Cole started his presentation of the case, but due to scheduling issues, the matter was set for a second day approximately one month later.

¶8      At the beginning of the second day of trial, Cole moved to amend his counterclaim to include claims that Olson failed to comply with WIS. ADMIN. CODE ch. ATCP 132 (Oct. 2004),[2] which regulates motor vehicle repair.[3] Specifically, Cole alleged that Olson failed to provide him with a written repair

_____

[2] All references to WIS. ADMIN. CODE ch. ATCP 132 are to the October 2004 register.

[3] Cole argues on appeal that he should have been permitted to amend his counterclaim under WIS. STAT. § 802.09(2).  The record is unclear, however, as to the ground under which Cole sought amendment of his counterclaim in the circuit court.  Cole moved orally to amend, and he apparently provided the court and counsel for Olson with a document that Cole described as an amendment to his counterclaim.  This document is not in the appellate record.

order as required by WIS. ADMIN. CODE § ATCP 132.03, and that failure entitled him to money damages. Olson was unaware Cole would be moving to amend his counterclaim, and it objected to his motion. Olson's attorney explained: "These are—he's presenting new claims under the Wisconsin Administrative Code, and he's citing cases and things like that. I can't sit here right now and start being able to respond to that."

¶9     The circuit court took Cole's motion under advisement, and Cole presented his case. Cole testified he is not a certified auto mechanic, but he has "been employed as an auto mechanic since [he] was 14 years old." In general, Cole testified that, in his lay opinion, Olson performed "defective" work on his truck on multiple occasions between October 2016 and the July 2018 repair. Cole specifically faulted Olson for not replacing certain bolts prior to the July 2018 repair. He argued that failure necessitated the July 2018 repair of the fan clutch and blade, which, in turn, caused damage to the PCM unit. Cole also asserted that Olson should have known his truck's PCM would need future replacement during the July 2018 repair.

¶10     After closing arguments, the circuit court denied Cole's motion to amend. The court did not "see any good reason" to grant Cole's motion because he could have alleged the WIS. ADMIN. CODE ch. ATCP 132 violations "right from the start," and they then would "have been part of this case."

¶11     The circuit court entered judgment in favor of Olson for $1146.81, plus attorney's fees and costs, concluding Olson had proved that it repaired Cole's truck according to an agreement between the parties as testified to by Olson. The court denied Cole's original counterclaim because it determined his damages were not recoverable and it did not "believe that any of the damages [he] sustained were

caused by any failure on the part of Jim Olson Motors." Cole now appeals.[4] Additional facts are discussed below.

## DISCUSSION

¶12    Cole argues the circuit court "abused its discretion" by denying his motion to amend his counterclaim.[5] We review a circuit court's decision not to grant leave to amend a pleading for an erroneous exercise of discretion. *Hess v. Fernandez*, 2005 WI 19, ¶12, 278 Wis. 2d 283, 692 N.W.2d 655. A circuit court properly exercises its discretion when it has examined the relevant facts, applied a proper legal standard, and, using a demonstrated rational process, reaches a reasonable conclusion. *Id.* We search the record for reasons to sustain the circuit court's exercise of discretion. *Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶11, 305 Wis. 2d 658, 741 N.W.2d 256.

¶13    Cole argues he should have been permitted, pursuant to WIS. STAT. § 802.09(2), to amend his counterclaim so as to conform it to the evidence. Section § 802.09(2) provides:

> If issues not raised by the pleadings are *tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings*. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. *If evidence is objected to at the trial on the ground that it is not within the issues*

---

[4] Cole is represented by counsel on appeal.

[5] Our supreme court replaced the phrase "abuse of discretion" with the phrase "erroneous exercise of discretion" decades ago. *See King v. King*, 224 Wis. 2d 235, 248 n.9, 590 N.W.2d 480 (1999).

5

> *made by the pleadings, the court may allow the pleadings to be amended* and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

(Emphases added.)

¶14 WISCONSIN STAT. § 802.09(2) contemplates two separate factual scenarios. *See Hess*, 278 Wis. 2d 283, ¶13. The first part of subsec. (2) addresses a scenario where the unpled issues are tried by the express or implied consent of the parties. *Id.*, ¶14. If the first scenario applies, then granting the amendment is mandatory. *Id.* The second part of the statute addresses a scenario where evidence presented at trial is objected to as not relevant to the issues originally pled. *Id.*, ¶15. If the second scenario applies, then granting the amendment is within the discretion of the circuit court. *Id.*

¶15 Cole was not entitled to amend his counterclaim under either scenario set forth in WIS. STAT. § 802.09(2). To begin, Cole asserts that he should have been permitted to amend pursuant to the first part of § 802.09(2). Cole states, in cursory fashion, it is "undisputed" that the unpled issues he raised regarding the written repair order were "tried by express or implied consent of the parties." But Cole's argument ends there because he fails to provide any factual support. He does not cite to: (1) any evidence of Olson's consent to try the counterclaim issues and, specifically, whether that consent was express or implied[6]; (2) if implied consent is alleged, any evidence that Olson had "actual

---

[6] We note that the record is clear that Olson did not provide express consent to a trial of Cole's unpled issues.

notice" of the unpled issues; and (3) if there was no consent, any evidence showing how the "interests of justice" weighed in Cole's favor. *See Hess*, 278 Wis. 2d 283, ¶¶14, 19-21, 23-25. As explained in *Hess*, these questions must be answered in order to determine whether a party is permitted to amend a pleading pursuant to the first part of § 802.09(2). *See generally Hess*, 278 Wis. 2d 283, ¶¶14, 19-21, 23-25.

¶16 Normally, the circuit court determines whether a case was tried by express or implied consent. *See id.*, ¶20. Although the court here made no such determination, we can decide the issue of consent as a matter of law. *See id.*, ¶21. We decline to do so, however, because Cole's argument on this ground is undeveloped. We generally decline to address undeveloped arguments. *See M.C.I., Inc. v. Elbin*, 146 Wis. 2d. 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988).

¶17 The circuit court also properly denied Cole's request to amend his counterclaim pursuant to the second part of WIS. STAT. § 802.09(2). Again, the second part of § 802.09(2) addresses a scenario where Cole had presented evidence at trial that Olson objected to as not relevant to the issues originally pled. *See Hess*, 278 Wis. 2d 283, ¶15.

¶18 On the second day of trial, Olson objected twice to Cole's attempt to introduce evidence of Olson's violation of WIS. ADMIN. CODE § ATCP 132.03. Olson first objected to Cole's motion to amend his counterclaim at the beginning of the trial's second day. Later, Olson objected when Cole asked Jim Olson whether he had "an opinion of why [WIS. ADMIN. CODE ch. ATCP 132] was written." The circuit court sustained that objection because it determined Jim Olson's knowledge of why ch. ATCP 132 was written was irrelevant.

¶19     We conclude that Olson objected to Cole's presenting evidence outside of pleaded issues pursuant to the second part of WIS. STAT. § 802.09(2), and that the circuit court properly exercised its discretion by denying Cole's motion and sustaining Olson's objection.  Cole argues the court applied the wrong standard of law when it denied his motion to amend, but we disagree.  The court implicitly determined Cole's motion to amend prejudiced Olson when the court stated it did not "see any good reason" for Cole's delay in bringing his motion. *See* § 802.09(2).  We conclude that determination was reasonable.

¶20     "[U]ndue delay, bad faith or dilatory motive on the part of the movant" are adequate reasons for a court to deny leave to amend. *See Hess*, 278 Wis. 2d 283, ¶29.  Cole never explained on the record why he did not move to amend his pleadings before—or on—the first day of trial when his presentation of the case began.  Further, Cole could have informed Olson, during the one-month period between the two trial days, that he intended to bring a motion to amend.  He instead sprung the motion upon Olson on the second day of trial.  The circuit court could reasonably conclude from these facts that Cole's decision to wait until the second day of trial demonstrated undue delay and bad faith in bringing his motion to amend.

¶21     Further, Olson objected to the amendment of the counterclaim because it could not be prepared to respond to it with no notice:  "These are—he's presenting new claims under the Wisconsin Administrative Code, and he's citing cases and things like that.  I can't sit here right now and start being able to respond to that."   In denying Cole's motion, the circuit court implicitly found that permitting the counterclaim amendment would prejudice Olson. *See* WIS. STAT. § 802.09(2).  The court therefore properly exercised its discretion by denying

Cole's motion to amend because it applied the proper legal standard and reached a reasonable conclusion.

¶22    Cole discusses *Tri-State Home Improvement Co. v. Mansavage*, 77 Wis. 2d 648, 253 N.W.2d 474 (1977), apparently for the proposition that, on at least one occasion, our supreme court had concluded a circuit court erred by prohibiting an amendment of pleadings on the second day of a trial.  Cole does not explain, however, how the facts of *Tri-State* are similar to his case and why, if *Tri-State* is a logical comparison, that it demonstrates the court here erroneously exercised its discretion under WIS. STAT. § 802.09(2).  We therefore find Cole's use of *Tri-State* unpersuasive.

¶23    Finally, Cole argues he "would have likely prevailed upon the merits of his claims based upon [WIS. ADMIN. CODE §§] ATCP 132.03, 132.04 and 132.10[,] and he would have been provided a defense to the claims of Jim Olson Motors" had he been permitted to amend his counterclaim.  He then argues the merits of those claims.  We need not address Cole's remaining arguments because we conclude the circuit court properly exercised its discretion by denying his motion to amend.

        *By the Court.*—Judgment affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.