COURT OF APPEALS
DECISION
DATED AND FILED

September 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1846-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2016CF264

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DUSTIN CLELAND LARSON,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Pierce County: JOSEPH D. BOLES, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Dustin Larson appeals from an incest conviction and an order denying his postconviction claim of ineffective assistance of counsel.

He argues his counsel performed deficiently by failing to raise a duplicity challenge to the incest charge. We conclude that the law on this issue is not well settled. Consequently, Larson's counsel did not perform deficiently by failing to move to discuss the incest count and we affirm.

## BACKGROUND

¶2      The State charged Larson with one count of repeated sexual assault of a child and one count of incest, each involving the same victim, and alleged to have occurred in the City of River Falls during the same three-year period. The victim, Belle,[1] testified that Larson had sexually assaulted her more than fifty times during the specified time frame in multiple ways and at multiple locations. During Larson's jury trial, Belle described five specific incidents but also said the incidents were "blurred together" in her mind and that she could not provide more specific details of other incidents because she had repressed many of the memories.

¶3      The circuit court submitted alternate verdict forms to the jury to determine whether Larson was guilty or not guilty of incest "as charged in [C]ount 2 of the [I]nformation," without any further specification in the verdict forms or jury instructions as to where, when, or how the charged offense occurred. Larson's trial counsel did not object to the lack of specificity in either the verdict forms or the jury instructions. The jury found Larson guilty on the incest charge, but not guilty on the repeated sexual assault count.

---

[1] This matter involves the victim of a crime. Pursuant to WIS. STAT. RULE 809.86(4) (2019-20), we use a pseudonym instead of the victim's name. All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶4    Following his sentencing, Larson filed a postconviction motion alleging that his trial counsel had provided ineffective assistance by failing to raise a duplicity challenge to the Information, verdict forms, and jury instructions on the incest count. The circuit court denied the motion. Larson now appeals, renewing his claim of ineffective assistance of counsel.

## DISCUSSION

¶5    To establish a claim of ineffective assistance of counsel, a defendant must prove two elements: (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance. *State v. Sholar*, 2018 WI 53, ¶32, 381 Wis. 2d 560, 912 N.W.2d 89. We will not set aside the circuit court's factual findings about what actions counsel took or the reasons for them unless they are clearly erroneous. *See State v. Balliette*, 2011 WI 79, ¶19, 336 Wis. 2d 358, 805 N.W.2d 334. However, whether counsel's conduct violated the constitutional standard for effective assistance is ultimately a legal determination that this court decides de novo. *Id.* We need not address both elements of the test if the defendant fails to make a sufficient showing on one of them. *State v. Swinson*, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12.

¶6    Here, we conclude that Larson has failed to show that his trial counsel's performance was deficient. In order to demonstrate deficient performance, a defendant must overcome a presumption that counsel's actions fell within a wide range of professional conduct. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citation omitted). Counsel is not required to take action in an area

where the law is unsettled. ***State v. Hanson***, 2019 WI 63, ¶¶28-29, 387 Wis. 2d 233, 928 N.W.2d 607.

¶7      As noted above, Larson contends that his trial counsel should have raised a duplicity challenge to the Information, verdict forms, and jury instructions on the incest count. The State responds that counsel did not perform deficiently by failing to raise a duplicity challenge because the law is unsettled regarding what acts may properly be encompassed in a single incest charge.

¶8      Duplicity occurs when two or more separate offenses are joined in a single count. ***State v. Lomagro***, 113 Wis. 2d 582, 586, 335 N.W.2d 583 (1983). If a complaint is found to be duplicitous, the State must "either elect the act upon which it will rely or separate the acts into separate counts." ***Id.*** at 589.

¶9      A duplicity claim may implicate multiple constitutional provisions, including a defendant's right to a unanimous jury verdict, the double jeopardy clause, or a variety of due process concerns such as sufficient notice of the charge, the relevance of evidentiary determinations, or the accuracy of sentencing information. *See **id.*** at 586-87. Ultimately, a duplicity claim must be measured in terms of whether the defendant has been exposed to any of these dangers. ***Id.*** at 589. Here, Larson focuses his duplicity claim on an argument that he was denied his right to a unanimous verdict.[2]

---

[2] Larson also asserts that he was deprived of adequate notice of the charge and accurate sentencing information, but he does not separately develop those arguments. We need not address undeveloped arguments. *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶10     A duplicitous charge can deprive a defendant of a unanimous verdict by allowing the jury to find the defendant guilty without agreement that the defendant committed the same criminal act underlying the elements of the offense that the State needs to prove. *State v. Thomas*, 161 Wis. 2d 616, 632, 468 N.W.2d 729 (Ct. App. 1991).  Therefore, jury instructions and verdicts generally must be specific as to what criminal act forms the basis for each verdict. *State v. Marcum*, 166 Wis. 2d 908, 918-19, 480 N.W.2d 545 (Ct. App. 1992).  There are several exceptions to this rule, however.  Relevant here, an offense may be charged as a single count without violating duplicity or unanimity principles when any underlying acts that would otherwise be separately chargeable are committed by the same person within a short period of time and relate to a single, continuing scheme. *See Lomagro*, 113 Wis. 2d at 587.

¶11     In *State v. McMahon*, 186 Wis. 2d 68, 82, 519 N.W.2d 621 (Ct. App. 1994), this court considered whether defense counsel had provided ineffective assistance by failing to raise a duplicity challenge after the State presented evidence in support of a single incest charge that the defendant engaged in multiple sexual acts with the victim over the span of a month and a half.  We observed that it was an open question whether an incest victim's "story of assault by one perpetrator, over a set period of time" could properly be viewed as "one continuous story with various chapters." *Id.* at 84.  Accordingly, we concluded that counsel had not performed deficiently by failing to raise a duplicity challenge at trial. *Id.* at 84-85.

¶12     Larson first attempts to distinguish *McMahon* on the ground that the three-year period of time at issue here is significantly longer than the period of weeks that was at issue in *McMahon*.  The actual length of time over which the episodes of incest occurred was not the deciding factor in *McMahon*, however.

Rather, the court focused on the nexus between the acts and whether those acts could reasonably be interpreted to be part of "a continuing story.[3]

¶13 Next, Larson argues that it is irrelevant whether the State could have charged the alleged multiple acts of incest as a continuous offense under *McMahon* because it did not actually do so. This argument appears to be premised on the proposition that the State was obligated to use the word "continuous" in the charging documents. Larson cites no authority for that proposition, however, and we will not further address it. *See M.C.I., Inc. v. Elbin*, 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988).

¶14 Finally, Larson asserts that *McMahon* invited a duplicity challenge in circumstances like those present here by expressing skepticism as to the State's episodic-story theory of a continuous offense. While that assessment may be accurate, *McMahon* ultimately concluded that "*Lomagro* can be reasonably analyzed in two different ways [i.e., as requiring or not requiring a strict time constraint, and therefore] the law has not been settled." *McMahon*, 186 Wis. 2d at 84. Larson has not identified any cases since *McMahon* where the court concluded there was a duplicity violation on facts similar to those here. Accordingly, the issue of what acts may be included in a single incest count remained unsettled under case law existing during the relevant time period—that is, when the Information, jury instructions and verdicts were crafted in this case.

---

[3] The State suggests that felony incest committed over a course of months or years may be considered a "continuing criminal episode" because the "gravamen of incest" is "not simply the sexual act but the violation of the family relationship and the destruction of the child's sense of security in the family home." Although we need not address this argument in light of our conclusion that the law in this area is unsettled, we note that the State's argument appears to lend further support to our conclusion that this is an unsettled area of the law.

Just as in *McMahon*, we conclude that counsel here cannot be deemed ineffective for failing to raise an objection based upon an unsettled area of law. We therefore affirm the judgment of conviction and postconviction order.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.