COURT OF APPEALS
DECISION
DATED AND FILED

December 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP1602-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF471

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

VERNON K. SOMMERFELDT,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Outagamie County:  VINCENT R. BISKUPIC, Judge.  *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Vernon Sommerfeldt appeals from a judgment of conviction for second-degree sexual assault and an order denying him

postconviction relief. Sommerfeldt claims that his trial counsel was ineffective in several respects. We reject his arguments and affirm.

## BACKGROUND

¶2      Sommerfeldt was charged with sexually assaulting his daughter's friend during a 2013 sleepover. The victim testified at trial that she fell asleep on the living room couch while watching a movie with her friends and awoke to Sommerfeldt's hand moving around on her left breast. The others were sleeping in the room but did not wake up.

¶3      Before trial, the circuit court granted a motion to admit other acts evidence regarding a prior sexual assault Sommerfeldt had committed in 2008, where he admitted to sexually assaulting another friend of his daughter's under nearly identical circumstances. The victim in the earlier case testified that in 2008, during a sleepover with Sommerfeldt's daughter, she woke up to Sommerfeldt "grabbing" and "fondling" her breasts under her shirt. Sommerfeldt then began grabbing her buttocks.[1] This testimony was considered by the court when it granted a motion to admit other acts evidence regarding Sommerfeldt's 2008 sexual assault.

¶4      The 2008 victim then stated that she and a friend went back to the Sommerfeldt home the very next night in 2008 for another sleepover. The 2008 victim testified that she was under the impression Sommerfeldt would not be at home the second night. She testified that on the second night, Sommerfeldt fondled both her and her friend. Sommerfeldt's attorney did not object to this

---

[1] The court read the jury an instruction on other acts evidence prior to this testimony.

testimony. On cross-examination, the victim admitted that her friend said that the alleged assault on the second night in 2008 did not occur.[2] This testimony was not considered when the circuit court granted the State's motion to admit other acts evidence.

¶5 Sommerfeldt testified that he confessed to the 2008 sexual assault of the victim on the occasion considered by the circuit court in the State's other acts evidence motion. He explained that he was an alcoholic in 2008 and was "very drunk." Conversely, Sommerfeldt testified that on the night the alleged victim in this case slept over in 2013, he walked into the living room when everyone had fallen asleep, and he then watched a movie. He claimed that he "sat down in the chair and … fell asleep, eventually woke up, and went upstairs" to his bedroom. He testified "[i]t was out of the question" that he assaulted the victim in 2013, "[b]ecause [he] hadn't been drinking much."

¶6 The jury found Sommerfeldt guilty of second-degree sexual assault of a child. The circuit court imposed seven years' initial confinement and eight years' extended supervision.

¶7 Sommerfeldt then filed a motion for postconviction relief. He argued that his trial attorney was ineffective by failing to object to other acts evidence that was not covered by the pretrial ruling and by failing to adequately impeach the victim's credibility. He also argued his trial counsel undermined his defense by failing to permit him to explain to the jury that he admitted to the 2008 sexual assault because of a deferred prosecution agreement he received, and

---

[2] Sommerfeldt was not charged for this alleged second night of assaults in 2008.

because of the detective's insistence over the course of the three-hour long interview that he had done something. Following a *Machner*[3] hearing, the circuit court concluded that counsel's performance was not deficient because the alleged deficiencies were based upon reasonable trial strategies, and Sommerfeldt was not prejudiced by the alleged deficiencies in any event. Sommerfeldt now appeals.

## DISCUSSION

¶8 When a lower court determines that counsel had a reasonable trial strategy, that strategy is virtually unassailable in an ineffective assistance of counsel analysis. *State v. Breitzman*, 2017 WI 100, ¶65, 378 Wis. 2d 431, 904 N.W.2d 93. The question is not whether we agree with counsel's strategic decisions, but only whether counsel's conduct so undermined the proper functioning of the adversarial process that the circuit court proceedings cannot be relied upon as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

¶9 Sommerfeldt argues that his trial counsel was deficient in three respects. Sommerfeldt first argues his counsel performed deficiently by not objecting to, moving to strike, or moving for a mistrial based on the earlier victim's testimony about the assault on her and her friend on the second night in 2008. As the circuit court explained, however, counsel had multiple strategic reasons for not objecting to the victim's testimony about the second night in 2008.

¶10 Counsel did not object because he felt the victim's testimony about the alleged assaults on the second night in 2008 was not damaging and may have

---

[3] *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

been exculpatory. Significantly, counsel emphasized that the defense knew the other acts evidence regarding the sexual assault on the first night in 2008 was being allowed into evidence, and counsel "felt it would be better not to object in the presence of the jury to that." Counsel had brought out on cross-examination that the victim's friend denied that she had been assaulted. Sommerfeldt's trial counsel therefore reasonably believed that the additional testimony from the victim about the alleged second night in 2008 was unlikely to harm Sommerfeldt, and it "was actually exculpatory towards him." Additionally, the fact that the victim chose to return to the Sommerfeldt home for another sleepover on the night immediately following an alleged sexual assault could have reduced the impact of the victim's testimony regarding the assault alleged to have occurred the night before.

¶11 Based on this knowledge, Sommerfeldt's trial counsel made the strategic decision not to object to the victim's testimony at issue. As the circuit court correctly concluded, this strategic decision was reasonable, especially in light of counsel's strategy to portray Sommerfeldt as a forthcoming individual who admits to wrongdoing if he is guilty of it.

¶12 Sommerfeldt next argues that his trial attorney was deficient for "failing to argue in closing that the other acts witness's testimony was not credible." Sommerfeldt claims his trial counsel should have used the friend's skepticism regarding the second night in 2008 to attack the victim's credibility and argue that, despite his confession, Sommerfeldt never actually sexually assaulted the victim in 2008.

¶13 Attacking the victim's credibility regarding the 2008 sexual assault, however, would have directly contradicted counsel's chosen trial strategy, which

the circuit court found to be reasonable. Again, Sommerfeldt's trial counsel sought to contrast the 2008 sexual assault with the alleged assault in the present case and to argue, based on this contrast, that Sommerfeldt was the type of person who admits wrongdoing when he is guilty of it.

¶14 For example, Sommerfeldt's counsel argued in closing arguments that in 2008 Sommerfeldt had been drinking heavily and voluntarily confessed to assaulting the victim for sexual gratification. In contrast, in the present case Sommerfeldt "wasn't drinking a lot the way he was in 2008," and he would have freely admitted to the 2013 accusations if they were true. Furthermore, the 2008 sexual assault was reported to the victim's mother the next day, but the present offense involved "this delayed-reporting concept."

¶15 This strategy depended on the jury accepting that Sommerfeldt sexually assaulted the victim in 2008. It would have sent contradictory messages to the jury to simultaneously attack the victim's credibility by arguing that Sommerfeldt did not sexually assault the victim in 2008. Indeed, an overarching problem with Sommerfeldt's present argument is that it largely discounts the fact that the circuit court allowed the other acts evidence regarding the sexual assault on the first night in 2008—which was particularly damaging to his defense and to which Sommerfeldt had confessed.

¶16 Perhaps even more importantly, any attempt to disprove the 2008 sexual assault would have failed. Sommerfeldt signed a detailed confession to sexually assaulting the victim by touching the outside of her shirt near her breast and then moving his hand down by her vagina on the outside of her clothes. Sommerfeldt's own daughter also stated to law enforcement that he "will sometimes touch younger females inappropriately," and that "when he drinks there

[have] been instances of him inappropriately touching younger girls." Moreover, the victim explained that she returned to the Sommerfeldt home the night after being assaulted because she was under the impression that Sommerfeldt would not be present. For these reasons, no reasonable jury would have been persuaded by an attempt to convince it that Sommerfeldt's confession to the first 2008 assault was false.

¶17 Finally, Sommerfeldt argues that his trial attorney was ineffective for not eliciting testimony from him that he pleaded to the 2008 sexual assault only due to the lenient treatment he received, and the detective's insistence over the course of the three-hour interview that he had done something. Eliciting such testimony, however, would have directly undermined trial counsel's reasonable trial strategy of portraying Sommerfeldt as an honest man who would have admitted wrongdoing if he were guilty, regardless of the consequences. Accordingly, trial counsel wanted the jury to hear that Sommerfeldt admitted guilt in 2008, but not to hear that he was treated leniently with the deferred prosecution agreement. Further, Sommerfeldt provided his confession in July 2008, but he did not enter into the deferred prosecution agreement until October 2009. This gap in time shows that the deferred prosecution agreement was not the reason Sommerfeldt confessed to the 2008 sexual assault.[4]

¶18 In all, Sommerfeldt has failed to overcome the circuit court's virtually unassailable conclusion that his trial attorney acted in accordance with a reasonable trial strategy. Counsel's conduct did not so undermine the proper

---

[4] Sommerfeldt does not develop an argument as to how he was pressured into providing a false confession. We therefore will not further address that issue. *See **M.C.I., Inc. v Elbin**,* 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988).

functioning of the adversarial process that a just result was not produced. Because we conclude that trial counsel's performance was not deficient, we need not address whether Sommerfeldt was prejudiced by the alleged errors. *See State v. Reinwand*, 2019 WI 25, ¶43, 385 Wis. 2d 700, 924 N.W.2d 184.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.