# COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 2, 2025

**Samuel A. Christensen**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2025AP1330**
**2025AP1331**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2024TP7
2024TP8

**IN COURT OF APPEALS**
**DISTRICT IV**

---

NO. **2025AP1330**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO B.S., A PERSON UNDER THE AGE OF 18:

PORTAGE COUNTY HEALTH AND HUMAN SERVICES DEPARTMENT,

    PETITIONER-RESPONDENT,

  V.

Z.D.R.,

    RESPONDENT-APPELLANT.

---

No. 2025AP1331

IN RE THE TERMINATION OF PARENTAL RIGHTS TO C.S.,
A PERSON UNDER THE AGE OF 18:

PORTAGE COUNTY HEALTH AND HUMAN SERVICES
DEPARTMENT,

   PETITIONER-RESPONDENT,

 V.

Z. D. R.,

   RESPONDENT-APPELLANT.

APPEALS from orders of the circuit court for Portage County: MICHAEL D. ZELL, Judge. *Affirmed*.

¶1   BLANCHARD, J.[1]   Z.D.R. appeals circuit court orders terminating his parental rights to his two children over his objections. He raises two issues on appeal. He contends that the court erred when it granted summary judgment during the grounds phase, based on the court's conclusion that there was no genuine issue of material fact as to whether he abandoned the children under the terms of WIS. STAT. § 48.415(1)(a)2. I conclude that, even accepting the most favorable version of the facts advanced by Z.D.R., summary judgment is merited. Separately, Z.D.R. challenges the court's discretionary determination, during the disposition phase, that termination of Z.D.R.'s parental rights was in the children's

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

best interest. I conclude that Z.D.R. fails to show that the circuit court erroneously exercised its discretion. Accordingly, I affirm.

¶2 An involuntary termination of parental rights proceeding has two stages: the grounds (or unfitness) phase and the disposition phase. *See Steven V. v. Kelley H.*, 2004 WI 47, ¶¶24-27, 271 Wis. 2d 1, 678 N.W.2d 856. In the grounds phase, the petitioner must show that the parent is unfit by proving one or more statutory grounds by clear and convincing evidence. *Id.*, ¶25. Abandonment is one such statutory ground. WIS. STAT. §§ 48.415(1). If the petitioner satisfies this burden, the case moves to the disposition phase, during which the circuit court determines whether it is in the child's (or children's) best interest to terminate the parent's rights. *Steven V.*, 271 Wis. 2d 1, ¶¶26-27.

¶3 In 2021, both of Z.D.R.'s children were adjudicated to be children in need of protection or services ("CHIPS") under the terms of WIS. STAT. § 48.345. In 2024, Portage County ("the County") filed a petition to terminate Z.D.R.'s parental rights to the children, alleging three grounds: abandonment, continuing need of protection and services, and failure to assume parental responsibility. *See* WIS. STAT. §§ 48.415(1)(a)2., (2)(a), (6). The County then filed a motion, supported by an affidavit of a human services case manager, seeking partial summary judgment based on the abandonment ground. Among other things, the case manager averred that Z.D.R. had engaged in no contact by any means with his children over the one year plus one day between March 13, 2023, and March 14, 2024. A continuous three-month period without contact satisfies one of the elements of the form of abandonment the County alleged. *See* § 48.415(1)(a)2.

¶4 Z.D.R. did not file a written response to the summary judgment motion. At the hearing on the motion, Z.D.R.'s counsel told the circuit court that

3

the only factual dispute Z.D.R. had with the motion was that Z.D.R. had "indicat[ed]" to counsel that Z.D.R. "did in fact write two letters, approximately two letters[,] to the children" during the one-year period in which the County alleged there had been no contact, although counsel acknowledged that "we don't have any documentation of that."

¶5     The circuit court pointed out an obvious flaw with this assertion as an obstacle to summary judgment, even when the assertion is assumed to be true. The flaw is that, if Z.D.R.'s sole contact with the children was to send them only two letters over the course of the 12 months at issue—regardless of when he sent either letter—it is certain that one or more three-month periods would have passed without this form of contact. Because Z.D.R. did not contest the other element of abandonment, the court concluded that there was no genuine issue of material fact that Z.D.R. had abandoned the children and, accordingly, granted summary judgment.

¶6     At the dispositional hearing, the circuit court heard testimony from a County child protective services worker. Z.D.R. elected not to testify. At the close of the hearing, the court found termination of Z.D.R.'s parental rights to be in the children's best interest.[2]  Z.D.R. appeals.

**I.     Summary judgment was appropriately granted.**

¶7     The grounds phase of a termination of parental rights case may be decided by summary judgment when there are no material facts in dispute.

---

[2] The parental rights of the children's mother were also terminated. Those are not at issue in this appeal.

*Steven V.*, 271 Wis. 2d 1, ¶5. An appellate court reviews a grant of summary judgment de novo, using the same methodology as a circuit court. *Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651, 476 N.W.2d 593 (Ct. App. 1991). Like the circuit court, an appellate court reviewing a grant of summary judgment must assume as true all facts pleaded by the nonmoving party, as well as all inferences reasonably derived from these facts. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 317, 401 N.W.2d 816 (1987).

¶8      The County sought summary judgment against Z.D.R. in the grounds phase on the issue of whether he abandoned the children under the terms of WIS. STAT. § 48.415(1)(a)2., which has two elements: that the children were placed outside of Z.D.R.'s home by court orders containing legally required warnings; and that, after the children were removed, Z.D.R. failed to visit or communicate with the children for a period of at least three months. WIS JI—CHILDREN 313 (2004).[3]  As to the first element, the County submitted an affidavit in support of summary judgment citing CHIPS orders from 2022 continuing the placement of each child outside Z.D.R.'s home and containing the required warnings. Z.D.R. did not dispute that this element was satisfied, and he does not take a different position on appeal.

¶9      Regarding the second abandonment element, the County's affidavit alleged that Z.D.R. had no contact with either child for one year and one day, during the period in which the children were placed outside the home. During the hearing, counsel for Z.D.R. asserted that Z.D.R. recalled sending "two letters,

---

[3] There is a statutory defense to abandonment for a parent who has "good cause" for a lack of contact. WIS JI—CHILDREN 313 (2004). Z.D.R. does not contend that he had good cause for his lack of contact.

approximately two letters," during this period.[4]  Assuming that Z.D.R. sent letters that constituted "communication" with each child, and further assuming that "approximately two" in this context could mean up to three, there is no genuine issue of material fact that the second element of no visits or communications during a three-month period is met.  As the circuit court observed, there is no way that two letters sent over the course of one year could be distributed in time such that no three-month period elapsed without any contact, and this is also true if "approximately two" stood for three.  Because the assertions by Z.D.R. to the court, conveyed by his counsel, accepted as true, do not create a genuine issue of material fact, I conclude that summary judgment was proper.

**II.   Z.D.R. fails to show that the circuit court erroneously exercised its discretion in terminating Z.D.R.'s parental rights**

¶10    In the dispositional phase, the circuit court here was assigned the task of determining whether termination of parental rights was in each child's best interest.  *See* WIS. STAT. § 48.426(2).  In this phase, the court is to consider six statutorily enumerated factors, but it is not limited to those factors.  § 48.426(3).  Its decision is reviewed for an erroneous exercise of discretion.  ***State v. B.W.***, 2024 WI 28, ¶70, 412 Wis. 2d 364, 8 N.W.3d 22.

¶11    Here, the circuit court demonstrated that it considered the statutory factors, and in doing so the court determined that it was in the children's best

---

[4] Z.D.R. did not file an affidavit or any other papers in opposition to the summary judgment motion.  A party opposing summary judgment "may not rest upon the mere allegations or denials of the pleadings but … must set forth specific facts showing that there is a genuine issue for trial."  WIS. STAT. § 802.08(3).  These facts may be set forth "by depositions, answers to interrogatories, or … affidavits."  § 802.08(3).  Like the circuit court, I do not rest my decision on the lack of a proper evidentiary basis for Z.D.R. to assert that he sent "approximately two letters" to the children.

interest to remain in the placement where they have been since the initial CHIPS orders in 2021, which the court found would likely result in the adoption of both children.

¶12    On appeal, Z.D.R. asserts that the record did not support the circuit court's conclusion that termination was in the children's best interest. But he does not point to any specific facts, or to the absence of any facts, that could support this assertion. Before I could evaluate Z.D.R.'s assertion as some type of legal argument, I would first have to attempt to develop an argument on his behalf, but that is not the role of this court. *See M.C.I., Inc. v. Elbin*, 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988) (declining to consider "unexplained and undeveloped" argument).

¶13    Z.D.R. asserts that the circuit court failed to place "sufficient weight" on the fact of his "biological connection" to, or his expressed love for, the children. But the weight to assign to any given fact is an essential component of a circuit court's discretionary decision, and an appellate court, in reviewing such a decision, may not substitute its own discretion for that of the circuit court. *State v. Rhodes*, 2011 WI 73, ¶26, 336 Wis. 2d 64, 799 N.W.2d 850.

¶14    For all of these reasons, I reject both arguments that Z.D.R. advances on appeal, and I affirm the orders.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

7